IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KINETIC CONCEPTS, INC., <br> KCI LICENSING, INC., KCI USA, INC., <br> KCI MEDICAL RESOURCES, <br> MEDICAL HOLDINGS LIMITED, <br> KCI MANUFACTURING and <br> WAKE FOREST UNIVERSITY <br> HEALTH SCIENCES <br><br> Plaintiffs, <br><br> vs. <br><br> CONVATEC INC., <br> BOEHRINGER WOUND <br> SYSTEMS, LLC, and BOEHRINGER <br> TECHNOLOGIES, LP <br><br> Defendants. | No. 1:08-CV-00918-TDS-WWD |

**DEFENDANT CONVATEC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL**

NY1 7132849v.1

# TABLE OF CONTENTS

PAGE

I. THE DISCOVERY SOUGHT ........................................................................... 2

    A. Dr. Zamierowski's Documents ............................................................. 3

    B. The Inventors' Documents .................................................................... 5

    C. Boehringer's Meeting(s) with Plaintiffs .............................................. 6

    D. Plaintiffs' Marketing and Sales Documents ........................................ 7

    E. Mr. Piper's Documents Including His Prosecution Files .................... 7

II. CONVATEC'S PRIOR REQUESTS AND REPEATED ATTEMPTS
TO RESOLVE THESE DISPUTES IN GOOD FAITH .................................. 8

III. LEGAL AUTHORITIES ................................................................................ 10

IV. CONCLUSION .............................................................................................. 11

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*AstraZeneca v. Ranbaxy Pharms., Inc.*,
   No. 05-5553, 2008 U.S. Dist. LEXIS 6337 (D.N.J. Jan. 29, 2008) .............................. 7

*Equal Employment Opportunity Comm. v. Sheffield Fin. LLC*,
   No. 1:06CV00889, 2007 U.S. Dist. LEXIS 43070 (M.D.N.C. June 13, 2007) ..... 10, 11

*Flora v. Hamilton*,
   81 F.R.D. 576 (M.D.N.C. 1978) ................................................................................ 11

*Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*,
   224 F.R.D. 644 (N.D. Cal. 2004) .............................................................................. 5, 6

*Herbert v. Lando*,
   441 U.S. 153, 99 S. Ct. 1635 (1979) ........................................................................... 10

*Hickman v. Taylor*,
   329 U.S. 495 (1947) ..................................................................................................... 10

*Hinton v. Conner*,
   225 F.R.D. 513 (M.D.N.C. 2005) ................................................................................ 11

*Kinetic Concepts, Inc. v. Blue Sky Medical Group, Inc.*,
   554 F.3d 1010 (Fed. Cir. 2009) ..................................................................................... 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 .............................................................................................................. 10

Fed. R. Civ. P. 37 ................................................................................................................ 1

Local Rule 37.1(a) ............................................................................................................ 10

Local Rule 37.1(b) .............................................................................................................. 2

# TABLE OF EXHIBITS

| Exhibit | | Page(s) |
|---|---|---|
| 1 | Defendant's First Set of Document Requests, dated April 29, 2009. | 3 |
| 2 | Plaintiffs' Objections and Responses to Defendants' First Set of Document Requests, dated May 29, 2009. | 3 |
| 3 | **REDACTED** (filed under seal). | 3 |
| 4 | **REDACTED** (filed under seal). | 3, 4 |
| 5 | KCI's V.A.C.® System Label. | 4 |
| 6 | Defendant ConvaTec Inc.'s Subpoena of David S. Zamierowski, dated October 1, 2009. | 4 |
| 7 | David S. Zamierowski's Objections to Defendant ConvaTec Inc.'s Notice of Deposition and Plaintiffs' Objections to Defendant ConvaTec Inc.'s Notice of Deposition of David S. Zamierowski, dated October 15, 2009. | 4, 5 |
| 8 | Relevant Pages From The Deposition of David S. Zamierowski, taken in *Kinetic Concepts, Inc. v. Blue Sky Medical Group, Inc.*, SA-03-CA-0832-RF, dated February 15, 2005 (filed under seal). | 4 |
| 9 | Relevant Pages From The Deposition of Louis Argenta, taken in *Kinetic Concepts, Inc. v. BlueSky Medical Group, Inc.*, SA-03-CA-0832-RF (W.D.Tex.) dated June 2, 2006 (filed under seal). | 6 |
| 10 | **REDACTED** (filed under seal). | 6 |
| 11 | *AstraZeneca v. Ranbaxy Pharms., Inc.*, No. 05-5553, 2008 U.S. Dist. LEXIS 6337 (D.N.J. Jan. 29, 2008). | 7, 8 |

| | | |
|---|---|---|
| 12 | Defendant ConvaTec Inc.'s Subpoena of Donald R. Piper, Jr., dated October 5, 2009. | 8 |
| 13 | Donald R. Piper, Jr., Esq.'s Objections to Defendant ConvaTec Inc.'s Notice of Deposition and Plaintiffs' Objections to Defendant ConvaTec Inc.'s Notice of Deposition of Donald R. Piper, Jr., Esq., dated October 18, 2009. | 8 |
| 14 | Plaintiffs' Motion For A Preliminary Injunction And Request For Evidentiary Hearing, filed in *Kinetic Concepts, Inc. v. Blue Sky Medical Corp.*, SA-08-CA-0102-RF (W.D.Tex.), dated February 20, 2009. | 7 |
| 15 | E-Mail communication between A. Puri, ConvaTec's Counsel, and L. Macon, Plaintiffs' Counsel, dated May 30 - June 1, 2009. | 8 |
| 16 | E-Mail communication between A. Puri, ConvaTec's Counsel, and L. Macon, Plaintiffs' Counsel, dated June 1-3, 2009. | 8 |
| 17 | E-Mail communication between A. Puri, ConvaTec's Counsel, and L. Macon, Plaintiffs' Counsel, dated June 3-4, 2009. | 8 |
| 18 | E-Mail communication between A. Puri, ConvaTec's Counsel, and L. Macon, Plaintiffs' Counsel, dated July 10-14, 2009. | 8 |
| 19 | E-Mail communication between A. Puri, ConvaTec's Counsel, and L. Macon, Plaintiffs' Counsel, dated July 16, 2009. | 8 |
| 20 | Letter from A. Puri, ConvaTec's Counsel, to L. Macon, Plaintiffs' Counsel, dated May 22, 2009. | 9 |
| 21 | Letter from A. Puri, ConvaTec's Counsel, to L. Macon, Plaintiffs' Counsel, dated August 27, 2009. | 9 |
| 22 | E-Mail communication between T. Beck, ConvaTec's Counsel, and L. Macon, Plaintiffs' Counsel, dated September 25, 2009. | 9 |

| 23 | Letter from L. Macon, Plaintiffs' Counsel, to N. Dahiya, ConvaTec's Counsel, dated September 30, 2009. | 9 |
| 24 | Letter from N. Dahiya, ConvaTec's Counsel, to L. Macon, Plaintiffs' Counsel, dated October 2, 2009. | 9 |
| 25 | E-Mail communication between N. Dahiya and T. Beck, ConvaTec's Counsel, and L. Macon, Plaintiffs' Counsel, dated October 16-20, 2009. | 9 |
| 26 | E-Mail communication between L. Macon, Plaintiffs' Counsel, and T. Beck, ConvaTec's Counsel, dated October 20, 2009. | 9 |
| 27 | E-Mail communication between T. Beck, ConvaTec's Counsel, and L. Macon, Plaintiffs' Counsel, dated October 20, 2009. | 9, 10 |
| 28 | *Equal Employment Opportunity Comm. v. Sheffield Fin. LLC*, No. 1:06CV00889, 2007 U.S. Dist. LEXIS 43070 (M.D.N.C. June 13, 2007). | 10, 11 |
| 29 | Sample Notebook Pages, Bates Nos. KCI_Con00029144-159 (filed under seal). | 5 |
| 30 | E-Mail communication between A. Puri, ConvaTec's Counsel, and L. Macon, Plaintiffs' Counsel, dated July 23, 2009. | 8 |

**NOW COMES** Defendant ConvaTec Inc. ("ConvaTec"), and pursuant to Rule 37 of the Federal Rules of Civil Procedure seeks an Order compelling[1] Plaintiffs' production of highly relevant documents including among others: (1) documents concerning Dr. David Zamierowski's prior art patents' wound dressing and treatment methods, including

**REDACTED** (2) documents concerning research work by the inventors of the patents-in-suit, Drs. Argenta and Morykwas, concerning among other things the use of pressures below 80 mm Hg, (3) documents concerning Plaintiffs' 2007 meeting(s) with Defendant Boehringer, at which meeting Boehringer disclosed and discussed Boehringer's marketed products, and (4) Plaintiffs' marketing and sales documents concerning competitors in the marketplace. ConvaTec has made numerous efforts to resolve these issues with Plaintiffs, but to no avail.

In addition, and in part in view of Plaintiffs' failure to cooperate, ConvaTec recently subpoenaed documents and testimony from Dr. Zamierowski and Mr. Donald Piper, Jr., the attorney who was primarily responsible for the prosecution of the patents-in-suit. Each of those witnesses, as well as Plaintiffs, have objected in their entirety to those subpoenas, and have not produced <u>any</u> documents, despite the fact that both

---

[1] ConvaTec is filing contemporaneously with this memorandum a Motion to Compel Plaintiffs' production of documents in response to Defendants' First Set of Document Requests, and Dr. David Zamierowski and Mr. Donald R. Piper, Jr.'s production of documents and appearance for deposition in response to ConvaTec's subpoenas.

1

witnesses have testified in KCI's prior litigations involving the patents-in-suit.[2]

In view of the impending close of fact discovery on December 3, and pursuant to Local Rule 37.1(b), ConvaTec respectfully requests an expedited resolution of these issues. Given Plaintiffs' repeated assurances of cooperation, which ultimately fall far short, ConvaTec requests an order compelling full production of these and other documents from Plaintiffs. Further, ConvaTec requests an order compelling Dr. Zamierowski and Mr. Piper to produce documents and appear for deposition in response to ConvaTec's subpoenas.

Plaintiffs have suggested that the discovery schedule will have to be extended two to four months, but ConvaTec believes substantial discovery needs to be underway now, and should not be further stalled.

## I. THE DISCOVERY SOUGHT

Plaintiffs KCI and Wake Forest University allege infringement of Plaintiffs' U.S. Patent Nos. 5,645,081 ("'081 patent"); 5,636,643 ("'643 patent"); 7,198,046 ("'046 patent"), and 7,216,651 ("'651 patent") (collectively, the "patents-in-suit") by Defendants' Engenex® wound care system. The patents are directed to "wound healing" by the application of sufficient negative pressure.

---

[2] Because this Court is familiar with the issues in and the scope of this litigation, this present Motion also seeks to compel production of third-party documents relating to the subpoenas of Dr. Zamierowski and Mr. Piper. If needed, ConvaTec will file separate Motions to Compel before the courts from which those subpoenas issued, Western District of Missouri and the Eastern District of Pennsylvania, respectively.

2

ConvaTec's Document Requests to Plaintiffs include broadly and specifically all the following documents: requests relating to Dr. Zamierowski's documents (Requests Nos. 18-19, 36); requests relating to the inventors' documents (Request Nos. 1-4, 7, 10, 17); requests relating to the meeting with Boehringer (Request No. 25); and requests relating to KCI's market and sales documents (Request Nos. 32-33, 38-39). (Exhibit 1, Defendants' First Set of Document Requests, dated April 29, 2009). Plaintiffs' responses objected to the requests, but indicated some documents would be produced. (Exhibit 2, Plaintiffs' Objections and Responses to Defendants' First Set of Document Requests, dated May 29, 2009.) However, few if any responsive documents have been produced.

### A. Dr. Zamierowski's Documents

In order to obtain the patents-in-suit, Plaintiffs asserted to the Patent Examiner that certain prior art devices, including Dr. Zamierowski's "wound dressing and treatment method," merely provided "drainage" because they applied suction of 80 mm Hg or less, which did not promote "healing." Plaintiffs also asserted that Dr. Zamierowski's device could not apply suction because it had "air gaps" allegedly shown by small triangles in the figures in Dr. Zamierowski's patent. (*See* Defs.' Opening Br. 13-14, 18 (Dkt. 40), Defs.' Responsive Br. 6, 12 (Dkt. 53).) Both those assertions were incorrect.

**REDACTED**

[4], and also listed his patent

---

[3] Exhibit 3 (filed under seal).

number on KCI's product information.[5] Consequently, Plaintiffs' assertions to the Patent Examiner that Dr. Zamierowski's device did not treat wounds are false

**REDACTED**

[6], and his representations about what his device was and was capable of are highly relevant.[7]

ConvaTec seeks discovery concerning Dr. Zamierowski's wound dressing and treatment method, and Plaintiffs' awareness of his device(s) and his patents. This information is highly relevant. Plaintiffs objected to these requests, arguing that the requests are overbroad, and the burden is too high.

Plaintiffs have also objected to and resisted ConvaTec's subpoena directed to Dr. Zamierowski. (Exhibit 6, Defendant ConvaTec Inc.'s subpoena of David S. Zamierowski; Exhibit 7, David S. Zamierowski's Objections to Defendant ConvaTec Inc.'s Notice of Deposition and Plaintiffs' Objections to Defendant ConvaTec Inc.'s Notice of Deposition

---

[4] Exhibit 4 (filed under seal).

[5] Exhibit 5 is a representative label from KCI's V.A.C.® system marked with Dr. Zamierowski's U.S. Patent No. 4,969,880.

[6] Exhibit 8, which are relevant pages from the Feb. 15, 2005 deposition of David S. Zamierowski, taken in *Kinetic Concepts, Inc. v. Blue Sky Medical Group, Inc.*, SA-03-CA-0832-RF (W.D. Tex.) (filed under seal).

[7] In addition, Plaintiffs distinguished Dr. Zamierowski's prior art patents during prosecution as using semi-permeable membranes, not impermeable membranes. (*See* Defs.' Opening Br. 19-20 (Dkt. 40), Defs.' Responsive Br. 12-14 (Dkt. 53).) Dr. Zamierowski's knowledge and awareness of such semi-permeable membranes is highly

4

of David S. Zamierowski.) ConvaTec seeks an order compelling full production of Dr. Zamierowski's documents in response to ConvaTec's subpoena. Plaintiffs' assertions of undue burden are baseless in view of the importance of these documents, and the fact that Plaintiffs have paid Dr. Zamierowski many millions of dollars to date.

### B. The Inventors' Documents

The documents concerning the work by the named inventors prior to and after filing of the patents-in-suit are highly relevant. Plaintiffs' production is incomplete, and Plaintiffs have produced many documents in unidentifiable form, including loose and scattered notebook pages[8]. ConvaTec seeks a comprehensible production, such that the work by the inventors, or the lack of it, can be determined.

For example, notwithstanding Plaintiffs' assertions to the Patent Examiner that negative pressures below 80 mm Hg did not work, the inventors' own published work showed that lower pressures did in fact work. ConvaTec seeks an order compelling full discovery as to such research, including patient records, which is highly relevant. *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 656-57 (N.D. Cal. 2004) (granting motion to compel production of inventors' files and research and development of the subject matter claimed in patent-in-suit or related patent). **REDACTED**

---

relevant.
[8] *See e.g.*, Exhibit 29, sample pages of notebook pages, Bates Nos. KCI_Con00029144-159 (filed under seal).

[9] There is no undue burden issue here.

**C. Boehringer's Meeting(s) with Plaintiffs**

In June 2007, Defendant Boehringer met with Plaintiffs to discuss possible business arrangements concerning Boehringer's Engenex® wound treatment system first sold in February 2007. Boehringer discussed the details of that product, and showed samples to Plaintiffs. Plaintiffs appeared interested in further discussions, but never followed up. After this meeting, KCI and Boehringer exchanged emails proposing dates for follow-up meetings. KCI stated in an email that they would send a proposal to Boehringer. No such proposal occurred, and Boehringer did not hear again from Plaintiffs until Plaintiffs commenced this action in December 2008 when ConvaTec announced its license to market the Engenex® system for Boehringer.

Plaintiffs' decision not to sue Boehringer for infringement, or to charge infringement starting in February 2007 when Boehringer's Engenex® system was first sold, or even at or after the June 2007 meeting between the parties, is highly relevant to non-infringement, as well as Defendants' affirmative defenses of laches and equitable estoppel. *Fresenius Med. Care Holding Inc.*, 224 F.R.D. at 655-56 (granting motion to compel production of documents relating to patentee's notice of accused infringer's

---

[9] Exhibit 9, which is relevant pages from the June 2, 2006 deposition of Louis Argenta, taken in *Kinetic Concepts, Inc. v. BlueSky Medical Group, Inc.*, SA-03-CA-0832-RF (W.D. Tex.) (filed under seal); Exhibit 10, which is a **REDACTED**

products, finding relevance to defenses of laches and equitable estoppel). ConvaTec seeks an order compelling full discovery concerning Plaintiffs' consideration of the Boehringer system and Plaintiffs' decisions not to charge infringement.

### D. Plaintiffs' Marketing and Sales Documents

Plaintiffs assert damages including lost profits and a reasonable royalty. Plaintiffs' revenues for their V.A.C.® system are approximately REDACTED annually. Plaintiffs' marketing and sales documents concerning Plaintiffs' sales and profits, as well as the impact on the market of the non-infringing, competing Blue-Sky products[10], as well as other competitors' products, are highly relevant to the calculation of Plaintiffs' damages. ConvaTec seeks an order compelling full discovery of such documents.

### E. Mr. Piper's Documents Including His Prosecution Files

Mr. Piper was primarily involved in prosecuting the patents-in-suit and in the later Reexaminations of these patents. At a minimum, the documents requested from Mr. Piper are relevant to Defendants' affirmative defenses of invalidity and prosecution disclaimer. *AstraZeneca v. Ranbaxy Pharms., Inc.*, No. 05-5553, 2008 U.S. Dist. LEXIS 6337, at *8-

---

**REDACTED** (filed under seal).

[10] In prior litigation, Plaintiffs charged infringement by BlueSky. Plaintiffs lost, and the BlueSky product was found non-infringing. *Kinetic Concepts, Inc. v. Blue Sky Medical Group, Inc.*, 554 F.3d 1010, 1024 (Fed. Cir. 2009). Subsequently, Plaintiffs have charged Smith & Nephew's so-called "foam product" with infringement, and have sought a preliminary injunction. (Exhibit 14, Plaintiffs' Motion For A Preliminary Injunction And Request For Evidentiary Hearing at 2, filed in *Kinetic Concepts, Inc. v. Blue Sky Medical Corp.*, SA-08-CV-00102-WRF (W.D. Tex.).)

11 (D.N.J. Jan. 29, 2008) (unpublished, copy attached as Exhibit 11) (finding that testimony and document requests relating to the prosecution of the patents-in-suit are relevant to invalidity and non-infringement).

Plaintiffs have objected to in its entirety and resisted ConvaTec's subpoena to Mr. Piper. (Exhibit 12, Defendant ConvaTec Inc.'s subpoena of Donald R. Piper, Jr.; Exhibit 13, Donald R. Piper, Jr., Esq.'s Objections to Defendant ConvaTec Inc.'s Notice of Deposition and Plaintiffs' Objections to Defendant ConvaTec Inc.'s Notice of Deposition of Donald R. Piper, Jr., Esq.) Plaintiffs and Mr. Piper produced <u>no</u> documents sought by the subpoena. ConvaTec seeks an order compelling full discovery of Mr. Piper's documents in response to ConvaTec's subpoena.

## II. CONVATEC'S PRIOR REQUESTS AND REPEATED ATTEMPTS TO RESOLVE THESE DISPUTES IN GOOD FAITH

ConvaTec has repeatedly sought to meet and confer with Plaintiffs to resolve these issues. Plaintiffs have repeatedly assured ConvaTec that the documents have been or will be produced, only for ConvaTec to find out that this is not the case.

In particular, despite numerous emails between ConvaTec and Plaintiffs in June and July 2009 discussing these discovery deficiencies (Exhibits 15 – 19, 30), Plaintiffs production remained inadequate. A meet and confer was held on July 28, 2009[11], where

---

[11] The July 28, 2009 meet and confer was held via telephone among counsel for Defendant ConvaTec, Asheesh Puri and Thomas Beck of Sidley Austin LLP; counsel for Defendant Boehringer, Rudolph Telscher of Harness, Dickey & Pierce, P.L.C.; and counsel for Plaintiffs, including at least Laurence Macon of Akin Gump Strauss Hauer & Feld LLP.

8

Plaintiffs' counsel assured Defendants that all documents responsive to Defendants' Rule 26(f) Report and May 22 discovery letter (Dkt. 26 and Exhibit 20) had been produced by Plaintiffs. However, because serious deficiencies still remained, ConvaTec again wrote Plaintiffs on August 27 and September 25 (Exhibits 21 and 22) and initiated another meet and confer for September 30. Plaintiffs did not provide any substantive response to these communications until hours before the September 30 meet and confer[12] (Exhibit 23). ConvaTec again wrote to Plaintiffs on October 2 to reiterate remaining deficiencies and offered a final meet and confer by October 7 (Exhibit 24). To date, Plaintiffs have failed to respond to ConvaTec's October 2 letter, and the document deficiencies remain.

In addition, in response to ConvaTec's recent subpoenas to Dr. Zamierowski and Mr. Piper, Plaintiffs, as well as the witnesses, objected to the subpoenas in their entirety and did not produce any documents. ConvaTec immediately sought a meet and confer with Plaintiffs' counsel for October 19 (Exhibit 25). Plaintiffs' counsel initially did not respond to the request, and when pressed, offered to confer the week after (Exhibit 26). To accommodate Plaintiffs' counsel's schedule, ConvaTec offered to confer in the evening of October 20, but did not receive a response (Exhibit 27). Plaintiffs' attempts to delay

---

[12] The September 30, 2009 meet and confer was held via telephone among ConvaTec's counsel Neal Dahiya and Mr. Beck; Boehringer's counsel Douglas Robinson of Harness, Dickey & Pierce, P.L.C.; and Plaintiff's counsel including at least Mr. Macon. Here, Plaintiffs' counsel agreed to accept service of ConvaTec's subpoena to Dr. Zamierowski, and to produce all documents concerning KCI's agreements with and monies paid to Dr. Zamierowski. Plaintiffs' counsel further agreed to produce "pleadings and court filings" from related litigations, prior art from the Smith & Nephew and Medela

9

and avoid discovery are apparent, and consequently, ConvaTec now seeks the Court's assistance.

**The undersigned counsel for ConvaTec hereby certify that they have diligently attempted to confer in good faith with Plaintiffs regarding this matter, pursuant to Local Rule 37.1(a), but that such attempts have failed.**

Plaintiffs' counsel recently suggested that the discovery schedule would have to be extended two to four months to complete fact discovery, and that the trial schedule would not be affected. ConvaTec does not wish to have an extension of the schedule that simply allows Plaintiffs to continue to evade and avoid providing discovery.

### III. LEGAL AUTHORITIES

Rule 26 of the Federal Rules of Civil Procedure broadly provides for discovery that is relevant to the claims or defenses in the action.

The scope of permitted discovery is broad. *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "Rule 26(b)(1) expressly permits 'discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.' ... Relevancy[,] under this rule has been broadly construed to encompass 'any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm. v. Sheffield Fin. LLC*, No. 1:06CV00889, 2007 U.S. Dist. LEXIS 43070, at *9-10 (M.D.N.C. June 13, 2007)

---

litigations, and KCI's marketing and analysis documents.

10

(internal citations omitted) (unpublished, copy attached as Exhibit 28); *Hinton v. Conner*, 225 F.R.D. 513, 515 (M.D.N.C. 2005).

If the information sought is relevant, the party opposing discovery must show otherwise, or demonstrate undue burden. "[C]ourts have held that '[w]hen the discovery sought appears relevant ... the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under ... FED. R. CIV. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Equal Employment Opportunity Comm.*, 2007 U.S. Dist. LEXIS 43070, at *10 (internal citations omitted); *see also Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C. 1978).

IV. **CONCLUSION**

In light of the foregoing facts and legal authorities, ConvaTec respectfully requests that the Court grant its motion to compel and enter an order compelling Plaintiffs to produce (1) documents concerning Dr. Zamierowski's prior art patents' wound dressing and treatment methods, including the **REDACTED** (2) documents concerning research work by the inventors of the patents-in-suit, Drs. Argenta and Morykwas, concerning among other things the use of pressures below 80 mm Hg, (3) documents concerning Plaintiffs' 2007 meeting(s) with Defendant Boehringer, at which meeting Boehringer disclosed and discussed Boehringer's marketed products, and (4) Plaintiffs'

11

marketing and sales documents concerning competitors in the marketplace. Further, ConvaTec respectfully requests that the Court grant its motion to compel Dr. Zamierowski and Mr. Piper to produce documents and appear for deposition in response to ConvaTec's subpoenas.

Dated this the 22nd day of October, 2009.

/s/ Neal K. Dahiya (ndahiya@sidley.com)
Thomas H. Beck (tbeck@sidley.com)
Todd L. Krause (tkrause@sidley.com)
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
T: (212) 839-5300  F: (212) 839-5599

/s/ Sarah H. Roane (sarah.roane@ogletreedeakins.com)
N.C. State Bar No. 24114
Ogletree Deakins, Nash, Smoak & Stewart, P.C.
sarah.roane@ogletreedeakins.com
2725 Horse Pen Creek Road, Suite 101
Greensboro, North Carolina 27410
T: (336) 375-9737  F: (336) 375- 4430

COUNSEL FOR DEFENDANT
CONVATEC INC.