IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KINETIC CONCEPTS, INC.,<br>KCI LICENSING, INC., KCI USA, INC.,<br>KCI MEDICAL RESOURCES,<br>MEDICAL HOLDINGS LIMITED,<br>KCI MANUFACTURING and<br>WAKE FOREST UNIVERSITY<br>HEALTH SCIENCES<br><br>          Plaintiffs,<br><br>          v.<br><br>CONVATEC INC.,<br>BOEHRINGER WOUND<br>SYSTEMS, LLC, and BOEHRINGER<br>TECHNOLOGIES, LP<br><br>          Defendants. | )))))))))))))))))))) | No. 1:08-CV-00918-TDS-LPA |

## DEFENDANT CONVATEC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

# TABLE OF CONTENTS

|     |     | Page |
| --- | --- | --- |
| I.  | BACKGROUND | 2 |
| II. | LEGAL AUTHORITIES | 4 |
| III.| CONVATEC'S MOTION FOR A PROTECTIVE ORDER SHOULD BE GRANTED | 5 |
|     | A. Discovery In This Case | 5 |
|     | B. ConvaTec and Boehringer Are Not Competitors **REDACTED** | 6 |
|     | C. ConvaTec Will Be Prejudiced If Its In-House Counsel Are Denied Access To Produced Information | 6 |
|     | D. Boehringer's Exclusion Of In-House Counsel And 5 Year Restrictions On Future Patent Prosecuting And Counseling Activities Are Extreme And Unwarranted | 8 |
| IV. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

                                                            **Page(s)**

**CASES**

*AFP Advanced Food Prods. LLC v. Snyder's Of Hanover Mfg., Inc.*,
No. 05-3006, 2006 U.S. Dist. LEXIS 426 (E.D. Pa. Jan. 6, 2006) .............................. 9

*Avocent Redmond Corp. v. Rose Elec., Inc.*,
242 F.R.D. 574 (W.D. Wash. 2007) ............................................................................ 9

*Brittain v. Stroh Brewery Co.*,
136 F.R.D. 408 (M.D.N.C. 1991) ............................................................................... 9

*In re: Wilson*,
149 F.3d 249 (4th Cir. 1998) ....................................................................................... 4

*MPG Ingredients, Inc. v. Mars, Inc.*,
245 F.R.D. 497 (D. Kan. 2007) ................................................................................... 4

*Sprint Commc'ns Co. v. Big River Tel. Co.*,
No. 08-2046-JWL, 2008 U.S. Dist. LEXIS 70669 (D. Kan. Sept. 16, 2008) ........... 4, 7

*U.S. Steel Corp. v. United States*,
730 F.2d 1465 (Fed. Cir. 1984) ............................................................................... 4, 9

*Unico Am. Corp. v. Crusader Ins. Co.*,
No. 06-CV-231, 2006 U.S. Dist. LEXIS 60719 (N.D. Ill. Aug. 11, 2006) .................. 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 .............................................................................................................. 4

Local Rule 37.1(a) ............................................................................................................ 4

# TABLE OF EXHIBITS

| Exhibit | | Page(s) |
|---|---|---|
| A | ConvaTec's Proposed Protective Order | 1, 2, 3, 10 |
| 1 | Boehringer's Proposed Protective Order | 1, 2, 3, 4, 7 |
| 2 | Dec. 28, 2009 Letter from R. Laurence Macon to Defendants | 1 |
| 3 | Development and License Agreement[1] (without Schedules) (filed under seal) | 2, 6, 7, 8 |
| 4 | *Sprint Commc'ns Co. v. Big River Tel. Co.*, No. 08-2046-JWL, 2008 U.S. Dist. LEXIS 70669 (D. Kan. Sept. 16, 2008). | 4, 7 |
| 5 | *Unico Am. Corp. v. Crusader Ins. Co.*, No. 06-CV-231, 2006 U.S. Dist. LEXIS 60719 (N.D. Ill. Aug. 11, 2006). | 7 |
| 6 | *AFP Advanced Food Prods. LLC v. Snyder's Of Hanover Mfg., Inc.*, No. 05-3006, 2006 U.S. Dist. LEXIS 426 (E.D. Pa. Jan. 6, 2006). | 9 |

---

[1] This copy of the Development and License Agreement is the produced version (i.e. with the redactions included).

Defendant ConvaTec Inc. ("ConvaTec") submits this Memorandum of Law in Support of its Motion for a Protective Order. This situation is unusual. Plaintiffs do not object to ConvaTec's proposed Protective Order.[1] However, ConvaTec has reached an impasse with <u>co-Defendants</u> Boehringer Wound Systems and Boehringer Technologies, LP (collectively "Boehringer"), who are ConvaTec's business partners regarding the Engenex® wound care system.

All parties agree that a Protective Order is warranted.[2] ConvaTec proposes a single-tier Protective Order that would allow all parties' in-house counsel involved in the management of the litigation access to the parties' Confidential Information. (Exhibit A, ¶¶ 1, 4.) However, Boehringer objects, proposing instead a <u>three-tier</u> Protective Order[3] which excludes in-house counsel from the top tier of Outside Attorneys' Eyes Only ("Outside AEO") material, which includes broadly-defined financial information (Exhibit 1, ¶¶ 1, 4.) Further, Boehringer proposes that any in-house attorney obtaining access to any Attorneys' Eyes Only ("AEO") or Outside AEO material be subject to burdensome restrictions for 5 years after this litigation ends, including restrictions on all patent prosecution activities or any legal advice of any kind concerning negative pressure wound

---

[1] Exhibit 2, Dec. 28, 2009 Letter from R. Laurence Macon to Defendants.

[2] *See* Plaintiffs' Dec. 9, 2009 Sur-Reply In Opposition To ConvaTec's Motion To Compel at 5 (Dkt. No. 73).

[3] As part of its continued efforts to reach agreement with Boehringer, ConvaTec provided Boehringer with an advance copy of this Memorandum on December 24, 2009. Boehringer has subsequently verbally proposed a two-tier Protective Order, but still insists on an Outside AEO designation.

1

therapy. (*Id.* at ¶ 4(f).)

Boehringer - as the party seeking restrictions - has the burden of justifying the requested restrictions by showing particular harm that outweighs the need for access. Boehringer cannot meet that burden, at least as to ConvaTec, because Boehringer and ConvaTec already have a License Agreement concerning the development and commercialization of the product in suit, the Engenex® wound care system. ConvaTec and Boehringer are commercial partners, not competitors.

**REDACTED**

Consequently, Boehringer cannot now show the necessary particularized harm.

As to either ConvaTec or Plaintiffs, Boehringer has never attempted to justify its demand for extraordinary secrecy, except to say that Boehringer is a private company which is especially sensitive to any disclosure of its business information.

For these reasons, ConvaTec's Motion should be granted and its proposed Protective Order, attached hereto as Exhibit A, should be entered.

I. **BACKGROUND**

Boehringer developed and first sold its Engenex® wound care system in about February 2007. ConvaTec entered into a development and commercialization agreement

2

with Boehringer in December 2008. Plaintiffs then brought suit alleging infringement of U.S. Patent Nos. 5,645,081 ("'081 patent"); 5,636,643 ("'643 patent"); 7,198,046 ("'046 patent"), and 7,216,651 ("651 patent") (collectively, the "patents-in-suit") by Defendants' Engenex® wound care system.

Plaintiffs seek injunctive relief, as well as damages including a reasonable royalty and lost profits. Plaintiffs have sought discovery, among other things, concerning Defendants' business and marketing plans and other financial information, and the development of the Engenex® wound care system.

In August 2009, ConvaTec proposed a one-tier protective order which provided for a "Confidential-Attorneys' Eyes Only" designation and allowed both in-house and outside counsel access to all produced confidential information. (Exhibit A, ¶¶ 1, 4.) Boehringer counter-proposed a three-tier[4] protective order consisting of "Confidential," "AEO" and "Outside AEO" designations, which prohibits in-house counsel's access to Outside AEO information. (Exhibit 1, ¶¶ 1, 4.) Boehringer further restricted anyone who receives AEO or Outside AEO materials from any patent prosecution activities or from providing any advice or counseling concerning negative pressure wound therapy for 5 years after this litigation. (*Id.* at ¶ 4(f).)

ConvaTec opposes Boehringer's three-tier Protective Order, and the additional unwarranted restrictions on attorney's patent prosecution and counseling activities.

---

[4] *See supra* note 3.

ConvaTec and Boehringer have made numerous efforts to resolve these differences, but have been unsuccessful.

## II. LEGAL AUTHORITIES

Fed. R. Civ. P. 26 provides for broad discovery that is relevant, and further provides for protective orders. The party seeking to restrict discovery must show good cause under Rule 26(c) and "must establish that the information sought is covered by the rule and that it will be harmed by disclosure." *In re: Wilson*, 149 F.3d 249, 253 (4th Cir. 1998) (rejecting any *per se* non-disclosure rule). This requires "a particular and specific demonstration of fact, as distinguished from stereo-typed and conclusory statements" of competitive harm. *MPG Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 501 (D. Kan. 2007).

There is no per-se rule against in-house attorneys having access to confidential information. In *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1469 (Fed. Cir. 1984), the Federal Circuit held that the "status as in-house counsel cannot alone create that probability of serious risk to confidentiality and cannot therefore serve as the sole basis of or denial of access." *See also Sprint Commc'ns Co. v. Big River Tel. Co.*, No. 08-2046-JWL, 2008 U.S. Dist. LEXIS 70669, at *12-13 (D. Kan. Sept. 16, 2008) (granting in-house counsel access to Defendant's highly confidential information reasoning that "whether an in-house attorney has regular contact with upper-level management who are

4

involved in competitive decision-making is largely irrelevant") (copy attached as Exhibit 4).

## III. CONVATEC'S MOTION FOR A PROTECTIVE ORDER SHOULD BE GRANTED

Because only Boehringer opposes ConvaTec's proposed Protective Order, ConvaTec directs this argument to Boehringer's expressed concerns regarding ConvaTec's in-house counsel.[5]

### A. Discovery In This Case

Plaintiffs' infringement allegations and damages theories involve the number of unit sales of the accused Engenex® wound care system, and to some extent, Defendants' projected and actual profit margins.

Boehringer has not shown that such discovery requires the extreme level of restricted disclosure and use sought by Boehringer. To the extent Boehringer is concerned about its costs or profits, all the parties in this action are sophisticated companies, and well-versed in manufacturing, and so can likely approximate Boehringer's manufacturing costs and corresponding profits in any event.

Boehringer has not identified any special financial information deserving of such extreme protections, nor is such information likely to be required discovery in this action.

---

[5] To the extent Plaintiffs do not object to Boehringer's proposal, that does not bind ConvaTec, which still has the concerns set out here. To the extent Plaintiffs object to Boehringer's proposal, they can speak for themselves.

5

### B. ConvaTec and Boehringer Are Not Competitors

**REDACTED**

To the extent Boehringer asserts that its confidential information should not be disclosed to in-house counsel at ConvaTec, Boehringer cannot meet its burden of showing a specific identifiable harm. To the contrary,

**REDACTED**

### C. ConvaTec Will Be Prejudiced If Its In-House Counsel Are Denied Access To Produced Information

6

ConvaTec's conduct of this litigation will be prejudiced if its in-house counsel are excluded from relevant information produced in this litigation. ConvaTec's in-house counsel actively participate in all strategy decisions and are involved in the daily conduct of this action. They also advise ConvaTec's management regarding the status of the case and "therefore need access to all materials to give them an accurate assessment of the case." *Sprint Commc'ns Co.*, 2008 U.S. Dist. 70669, at *15. Prohibiting access to purportedly sensitive documents will necessarily and substantially impede in-house counsel's ability to advise both outside counsel and ConvaTec's management regarding these litigation goals and strategies.[6]

Boehringer's proposed definitions for Outside AEO information are broad, and encompass nearly all financial documents.[7] If ConvaTec has to challenge Boehringer's designations, that will lead to unnecessary delays, and unnecessary burden for this Court. *Unico Am. Corp. v. Crusader Ins. Co.*, No. 06-CV-231, 2006 U.S. Dist. LEXIS 60719, at *4 (N.D. Ill. Aug. 11, 2006) ("It has been this Court's experience that two-tiered

---

[6] The proposed provision for outside counsel of providing advice to ConvaTec without disclosing specific contents of particular documents (Exhibit 1, ¶ 4(e)) is plainly too restrictive and does not cure the problem.

[7] The following may be designated as "Outside Attorney's Eyes Only": "(i) highly sensitive financial, marketing, business, or strategic planning information, including, without limitation, customer lists, vendor lists, pricing data, cost data, sales data, customer orders, customer quotations, licenses, marketing plans and forecasts; (ii) such other documents, information, or materials that relate to proprietary financial information that the Producing Party reasonably believes is entitled to extraordinary protection or is of such nature and character that the unauthorized disclosure of such information is likely to

7

protective orders can be confusing and frequently invite nonproductive satellite litigation") (copy attached as Exhibit 5). Boehringer's proposed three-tier Protective Order plainly exacerbates such concerns.

### D. Boehringer's Exclusion Of In-House Counsel And 5 Year Restrictions On Future Patent Prosecuting And Counseling Activities Are Extreme And Unwarranted

Boehringer's proposed restrictions on in-house counsel's future patent prosecuting and counseling activities for the duration of this litigation plus 5 years are extreme and unwarranted.

**REDACTED**

(Exhibit 3, art. II ¶ B.)

Boehringer has never supported its broad assertions of potential harm, and has not identified any specific confidential financial information reasonably subject to discovery that would cause harm if disclosed to ConvaTec's in-house counsel.

Boehringer's general concerns regarding possible future licensing negotiations with ConvaTec are too speculative and vague to warrant the extreme restrictions it now seeks. Boehringer has never explained how any information subject to discovery in this action would or could give rise to any such competitive harm. Indeed, Boehringer's costs or profit margins are of no great import to any future activities by ConvaTec, <u>except</u> in defending this lawsuit.

---

harm the competitive or economic position of the Producing Party or provide improper advantage to others; or (iii) other highly sensitive trade secrets." Exhibit 1, ¶ 1(c).

8

Boehringer's generalized concern falls far short, and is "the exact type of overly broad and generalized fear rejected in ... *U.S. Steel*...." *AFP Advanced Food Prods. LLC v. Snyder's Of Hanover Mfg., Inc.*, No. 05-3006, 2006 U.S. Dist. LEXIS 426, at *6-7, (E.D. Pa. Jan. 6, 2006) (refusing to include a provision in the protective order barring Plaintiff's attorneys from prosecuting similar patents for 2 years following the suit, without some tangible reason or good cause other than the general threat of inadvertent misuse of discovered materials) (copy attached as Exhibit 6); *see also Avocent Redmond Corp. v. Rose Elec., Inc.*, 242 F.R.D. 574, 580 (W.D. Wash. 2007) (denying provision in protective order precluding counsel from any involvement in patent prosecution in the relevant technology for two years after the litigation and appeals); *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 416 (M.D.N.C. 1991) ("At best, defendant is left to argue a theory of general or residual harm whenever past strategy is released ....").

In addition, this Court should not presume that ConvaTec's in-house counsel will misuse Boehringer's confidential financial information in violation of any Protective Order. ConvaTec's in-house counsel, like its outside counsel, "are officers of the court, are bound by the same Code of Professional Responsibility, and are subject to the same sanctions." *U.S. Steel*, 730 F.2d at 1468.

9

## IV. CONCLUSION

In light of the foregoing facts and legal authorities, ConvaTec respectfully requests that the Court grant its motion for a Protective Order and enter its proposed Protective Order, attached hereto as Exhibit A.

Dated this the 7th day of January, 2010.

Respectfully submitted,

/s/ Sarah H. Roane (sarah.roane@ogletreedeakins.com)
N.C. State Bar No. 24114
Ogletree Deakins, Nash, Smoak & Stewart, P.C.
sarah.roane@ogletreedeakins.com
2725 Horse Pen Creek Road, Suite 101
Greensboro, North Carolina 27410
T: (336) 375-9737  F: (336) 375- 4430


/s/ Thomas H. Beck (tbeck@sidley.com)
Todd L. Krause (tkrause@sidley.com)
Neal K. Dahiya (ndahiya@sidley.com)
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
T: (212) 839-5300  F: (212) 839-5599


COUNSEL FOR DEFENDANT
CONVATEC INC.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KINETIC CONCEPTS, INC., ) | |
| KCI LICENSING, INC., KCI USA, INC., ) | |
| KCI MEDICAL RESOURCES, ) | |
| MEDICAL HOLDINGS LIMITED, ) | |
| KCI MANUFACTURING and ) | |
| WAKE FOREST UNIVERSITY ) | |
| HEALTH SCIENCES ) | No. 1:08-CV-00918-TDS-LPA |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CONVATEC INC., ) | |
| BOEHRINGER WOUND ) | |
| SYSTEMS, LLC, and BOEHRINGER ) | |
| TECHNOLOGIES, LP ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I, Sarah H. Roane, hereby certify that on January 7, 2010, I electronically filed the foregoing **ConvaTec's Memorandum In Support Of Its Motion For Protective Order** with the Clerk of Court using the CM/ECF system, which will provide electronic notice of the same to the following CM/ECF participants: William K. Davis, Esq., at wdavis@belldavispitt.com; R. Laurence Macon, Esq., at lmacon@akingump.com; Karen K. Gulde, Esq., at kgulde@akingump.com; Rudolph A. Telscher, Jr., at rtelscher@hdp.com; and Douglas A. Robinson, at drobinson@hdp.com. I also served the

1

following documents via electronic mail: (1) Exhibit 3 to ConvaTec's Memorandum In Support Of Its Motion For Protective Order, which was filed under seal, and (2) unredacted version of ConvaTec's Memorandum In Support Of Its Motion For Protective Order upon the above Counsel of Record.

/s/ Sarah H. Roane (sarah.roane@ogletreedeakins.com)
N.C. State Bar No. 24114
Ogletree Deakins, Nash, Smoak & Stewart, P.C.
sarah.roane@ogletreedeakins.com
2725 Horse Pen Creek Road, Suite 101
Greensboro, North Carolina 27410
T: (336) 375-9737  F: (336) 375- 4430