IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KINETIC CONCEPTS, INC.,              )
KCI LICENSING, INC., KCI USA,        )
INC., KCI MEDICAL RESOURCES,         )
MEDICAL HOLDINGS LIMITED, KCI        )
MANUFACTURING and WAKE FOREST        )
UNIVERSITY HEALTH SCIENCES,          )
                                     )
                  Plaintiffs,        )
                                     )
        v.                           )      1:08CV00918
                                     )
CONVATEC INC.,                       )
BOEHRINGER WOUND SYSTEMS, LLC,       )
and BOEHRINGER TECHNOLOGIES, LP,     )
                                     )
                  Defendants.        )

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on two motions from Defendants, a Motion for Reconsideration of the Court's April 2, 2010 Order Amending the Schedule (Docket Entry 108) and a Motion to Stay the Discovery Deadlines Set Forth in Magistrate Judge Auld's April 2, 2010 Order (Docket Entry 111). For the reasons that follow, the Court will deny both motions.

**I. BACKGROUND**

Plaintiffs instituted this action against Defendants for patent infringement related to a wound treatment product. (Docket Entry 4 at ¶¶ 25-29.) From the beginning, this case has been plagued by scheduling and discovery disputes uncommon in this Court. The initial pretrial conference was set for April 22, 2009. (Docket Entry 24.) Unlike the vast majority of litigants in this Court, the parties here could not agree to a joint scheduling order proposal in advance of that date and, as a result, filed separate

Rule 26(f) Reports, in which they disagreed over, among other things, the length of the discovery period, the need for different deadlines for fact and expert discovery, and the proper scope of initial pretrial disclosures. (Docket Entries 25 and 26.)

In a letter addressed to United States Magistrate Judge Wallace W. Dixon appended to their report, Defendants explained their position on the foregoing disputed matters as follows:

> Defendants believe that this is a complex case which warrants <u>at least</u> the nine month 'exceptional' track recognized by this Court. This case involves four patents having hundreds of claims relating to medical device technology. The patents relate to a commercial market of approximately $1 Billion in annual revenue. <u>It is expected that discovery will be extensive</u> covering (among other things) the parties' submissions in the related litigations, the research and development of the alleged inventions, the prosecution of the four patents in-suit, and any alleged commercial success and other secondary considerations of non-obviousness. <u>The four-month fact discovery schedule</u> proposed by Plaintiffs <u>is impractical at best</u>.
>
> Further, Plaintiffs declined to produce certain focused categories of highly relevant documents in their initial disclosures. These categories are listed in Section 6 of Defendants' Rule 26(f) Report . . . . Plaintiffs' seeking an expedited fact discovery schedule, while on the other hand, refusing to promptly produce highly relevant documents, cannot be reconciled.

(Docket Entry 26 at Cover Ltr., p. 1 (emphasis added).)[1]

The conference took place as scheduled. (Docket Entry dated Apr. 22, 2009.) Magistrate Judge Dixon did not enter a written

---

[1] The "Section 6" referenced by Defendants bore the heading "Other items" and included "categories of documents" Defendants demanded as initial pretrial disclosures, deadlines to join parties and amend pleadings, and provisions regarding the use of special procedures, the expected length of trial, and the jury demand. (Docket Entry 26 at 3.) Other issues such as modifications of the Court's limitations on the number of depositions were set out in other sections of Defendants' Rule 26(f) Report. (<u>Id.</u> at 12.)

order after said conference, but instead submitted a minute entry that stated: "The court ordered discovery to close in 9 months as a result of today's hearing. The court adopts paragraph 6 of defendants['] Rule 26(f) submission." (Id.) The minute entry did not address any of the other aspects of case management, such as the propriety of different deadlines for fact and expert discovery, the number of depositions, deadlines for expert reports, or the time for mediation (all items that were outside of "paragraph 6" of Defendants' Rule 26(f) Report). (See id.)[2]

On August 16, 2009, the parties filed a Joint Stipulated Scheduling Order that was docketed as a Joint Rule 26(f) Report (Docket Entry 35), followed 11 days later by a Joint Motion to Adopt Stipulated Scheduling Order (Docket Entry 36). In said motion, the parties noted that the length of the discovery period had been set at nine months and then stated: "The parties have conferred extensively regarding the appropriate deadlines for fact and expert discovery [sic] The parties have agreed to a twelve month fact and expert discovery schedule. The dates are reflected in the Joint Stipulated Scheduling Order." (Docket Entry 36.)

---

[2] Nor did the minute entry state that the nine-month discovery period should begin immediately notwithstanding the fact that issues related to discovery appeared to remain outstanding. (See Docket Entry dated Apr. 22, 2009.) Between April 22, 2009, and August 16, 2009, the docket does not reflect any entries that indicate that the parties had begun conducting discovery, beyond submission of the additional initial disclosures by Plaintiffs as expressly provided for in the Court's minute entry adopting Defendants' position regarding that specific subject. (See Docket Entries 27-35 and Docket Entries dated April 22, 2009, through August 16, 2009.)

On September 1, 2009, Magistrate Judge Dixon entered the parties' Joint Stipulated Scheduling Order. (Docket Entry 37.) Said order included these provisions: "Close of Fact Discovery: December 3, 2009" and "Expert discovery shall be completed on or before April 29, 2010." (Id. at 1-2.) It required disclosure of expert reports between the closing dates for fact and expert discovery. (Id. at 2.)[3] In addition to setting out traditional case management deadlines, the Joint Stipulated Scheduling Order established dates for the filing of claim construction (or "Markman") briefs, during the same three-month period allotted under its terms for fact discovery. (Id. at 2.) After jointly seeking and obtaining permission to file briefs related to the claim construction issue in excess of normal page limitations, the parties filed the required claim construction briefs and voluminous supporting materials. (Docket Entries 38-44, 49, 51-54.)

The harmony reflected by the parties' agreement to the Joint Stipulated Scheduling Order did not last long; Defendant ConvaTec Inc. soon filed a Motion to Compel Discovery (Docket Entry 57). That dispute spun off a round of satellite litigation in the form of Plaintiffs' Objections to ConvaTec's Reply and Request to File a Sur-Reply in Opposition to ConvaTec's Motion to Compel (Docket Entry 72), to which Defendant ConvaTec Inc. responded (Docket Entry

_____

[3] The Joint Stipulated Scheduling Order did not reflect that it was modifying an existing order directing that discovery (both fact and expert) should occur during a particular nine-month period (i.e., between April 22, 2009, and January 22, 2010) or, indeed, that it was modifying any existing order; nor did it set out any indication that the parties had been conducting discovery since April 22, 2009. (See Entry 37 at 1-2.)

-4-

74). In addition, two weeks after the close of briefing on the claim construction issue, Defendants launched a new round of briefing related to the issue of whether the Court should conduct an expedited hearing on claim construction. (Docket Entry 60.) That briefing (which ran through early December (see Docket Entries 66, 67, and 71)) overlapped with litigation over Defendants' request for leave to add a counterclaim against Plaintiffs for inequitable conduct (Docket Entries 62, 68, 69, and 76).

Further, despite representations dating back to April 17, 2009, that they would "seek a mutually agreeable Protective Order to cover prospective disputes over confidential business or other trade secret information" (Docket Entry 26 at 4), as of January 7, 2010, the parties had not been able to accomplish this task and, instead, Defendant ConvaTec Inc. filed a Motion for Protective Order (Docket Entry 79). Despite the Court's entry of no less than four orders over the course of a month to allow the parties time to resolve their disagreement about the terms of the protective order (Docket Entries 87, 90, 92, and 95), the parties could not find common ground on this relatively basic matter (again, unlike the vast majority of other litigants); instead, Plaintiffs ultimately responded in opposition (Docket Entries 99-100), the other defendants filed a position (Docket Entry 101), and Plaintiffs filed a reply (Docket Entry 104).

In the midst of the foregoing flurry of disputes and briefing (which did not constitute an exhaustive catalog of all the parties' filings during the period), on the day fact discovery closed,

Plaintiffs filed a Motion to Amend Scheduling Order (Opposed). (Docket Entry 70.) A week later, Plaintiffs replaced that motion with an Amended Motion to Amend Scheduling Order (Opposed), in which they asserted that good cause for an extension of the case management deadlines exists, because "all parties require additional time to complete fact and expert discovery." (Docket Entry 75 at 3.) Plaintiffs did not provide detailed information about the discovery that remained outstanding or why necessary discovery was not (or could not be) completed during the allotted time, but they did assert that the parties "have been continually producing thousands of documents," (id.).

Defendants countered with an unconventional filing they denominated "Defendants' Response Conditionally Opposing Plaintiffs' Motion to Amend Scheduling Order." (Docket Entry 77.) The "condition" on which Defendants opposed Plaintiff's request to extend discovery deadlines had nothing to do with the presence or absence of "good cause"; to the contrary, in the 46 full or partial lines of type Defendants devoted to their filing, they never stated a position of any sort regarding Plaintiffs' argument that good cause existed for the requested scheduling modifications. (See id. at 2-3.)[4] Indeed, the words "good cause" do not appear in Defendants' filing. (See id.) Further, Defendants neither disputed Plaintiffs' assertion that the parties had exchanged a

_____

[4] The page citations for said document come from its CM/ECF footer, not Defendants' pagination (which differs because it assigns no number to the cover page).

-6-

substantial volume of documents nor argued that Plaintiffs should have completed fact discovery by December 3, 2010. (See id.)

Instead, Defendants stated that they "conditionally oppose Plaintiffs' [request] seeking to extend the fact and expert discovery deadlines . . . [if it] would merely allow Plaintiffs to create further delays, including the delay of a claim construction hearing." (Id. at 2.) They continued:

> Defendants already have a pending motion requesting that the Court hold a claim construction hearing at its earliest convenience, which motion Plaintiffs have unreasonably opposed. A prompt claim construction hearing will help guide all <u>future fact and expert discovery</u> that may take place. Thus, <u>Defendants do not oppose Plaintiffs' motion to amend the Scheduling Order, if Plaintiffs agree to request that the Court hold a prompt claim construction hearing</u>.

(Id. (internal citations omitted) (emphasis added).) Defendants then devoted two-plus paragraphs (17 lines) to attacking Plaintiffs' position on the claim construction hearing (a subject about which – in contrast to the good cause issue – extensive briefing already had occurred). (Id. at 2-3.)[5]

Defendants concluded by requesting: "that, if the Court grants Plaintiffs' Motion for an extension of the discovery schedule, that [sic] the Court also schedule a claim construction hearing in January 2010. Moreover, Defendants respectfully request

---

[5] Both before and after the quoted discussion of the claim construction issue, Defendants offer the following lone sentence: "Plaintiffs' repeated delays in this case have already substantially prejudiced Defendants' ability to prepare for trial" [or in the second version of the sentence, "Defendants' trial preparations"]. (Docket Entry 77 at 2-3.) The only support Defendants offered for this conclusory assertion was a citation to Defendant ConvaTec Inc.'s Motion to Compel. (Docket Entry 77 at 3.)

-7-

that any extension should not delay the currently scheduled October 4, 2010 trial date." (Id. at 3.) In a final footnote, Defendants left open the possibility that, even if the Court denied Plaintiffs' request for an extension of the discovery period, Defendants might seek relief from the existing discovery deadlines: "Defendants can likely move forward with their case without any extension if the Court chooses to deny Plaintiffs' Motion, depending on the resolution of ConvaTec's Motion to Compel. Defendants request, however, that any granted extension apply equally for all parties." (Id. at 3 n.2 (internal citation omitted) (emphasis added).) Plaintiffs filed a reply pointing out that Defendants essentially had conceded that good cause existed for additional discovery. (Docket Entry 78.)

On April 2, 2010, the undersigned United States Magistrate Judge entered an order granting in part Plaintiffs' request to modify the Joint Stipulated Scheduling Order. (Docket Entry 107.) Said order: 1) discussed the applicable "good cause" standard; 2) noted Plaintiffs' position (including the shortcomings of their showing as to their efforts to carry out discovery); 3) pointed out Defendants' failure to rebut matters alleged by Plaintiffs, its tacit admission that the parties needed to conduct more fact discovery, and its limited prejudice arguments (focused on the dates for the claim construction hearing and the trial); and 4) reviewed other record information about the parties' activities during the time period between the entry of the Joint Stipulated Scheduling Order on September 1, 2009, and the close of fact

-8-

discovery on December 3, 2010 (including the elaborate briefing and evidence-marshaling required as to claim construction). (<u>Id.</u> at 4-10.) The April 2, 2010 Order then reviewed cases from other district courts within this Circuit that had denied requested modifications of scheduling orders and determined that such cases involved much more obvious failures of diligence by the movant than appeared in this case. (<u>Id.</u> at 10-11.) Finally, said order found that Defendants had admitted that both parties needed more discovery and that the failure to direct such would undermine the objectives underlying Rule 16. (<u>Id.</u> at 11.)

Based on the foregoing considerations, the undersigned Magistrate Judge found that, although the case was close, good cause existed for extension of some, but not all, of the case management deadlines. (<u>Id.</u> at 11-13.) In particular, no alteration was authorized of party addition or pleading amendment dates to minimize the risk of trial delay. (<u>Id.</u> at 12-13.) This portion of the April 2, 2010 Order concluded with an observation about the difficulty of balancing the competing concerns of giving "good cause" sufficient content to cause parties to respect the scheduling order, but also of not raising the "good cause" standard so high as to create an incentive for parties establishing initial schedules to seek lengthier-than-needed discovery periods due to fear that they could not obtain an extension if they misjudged the amount of time needed for discovery. (<u>Id.</u> at 12 n.7.)

Defendants promptly filed the instant motions for reconsideration and for stay, as well as objections. (Docket

-9-

Entries 108, 110 and 111.) On April 8, 2010, the parties appeared before the assigned United States District Judge for a status conference regarding the claim construction hearing issue. (Docket Entry dated Apr. 8, 2010.) The minute entry from that conference reflects that the "parties agreed to scheduling of the Markman Hearing on 6/2/2010 @ 9:30 a.m." (Id.) A subsequent written order confirmed that hearing setting and established November 15, 2010, as the trial date. (Docket Entry 114.)[6]

Late April 14, 2010, Defendant ConvaTec Inc. moved for a protective order to block a deposition noticed by Plaintiffs for the next day. (Docket Entry 115.) The undersigned Magistrate Judge promptly denied that motion, but shortened the time for Plaintiffs to respond to the instant motions for reconsideration and to stay to April 20, 2010. (Docket Entry 118 at 3.) Defendant ConvaTec Inc. immediately filed objections to said order and requested expedited review. (Docket Entry 119.) The assigned District Judge declined to take up the matter, but requested that the parties attempt to schedule remaining discovery after April 26, 2010, to give the undersigned Magistrate Judge an opportunity to rule on the instant motions for reconsideration and to stay after Defendants responded and Plaintiffs had a chance to file any reply. (Docket Entry dated April 16, 2010.) Said responses and replies have now been filed. (Docket Entries 120-123.)

---

[6] After entry of the Joint Stipulated Scheduling Order, the Clerk set this case (along with others) for trial during the October 2010 Master Calendar Term (which begins October 4, 2010, and runs for weeks). (Docket Entry 46.)

## II.  DISCUSSION

As the April 2, 2010 Order recognized, once set, "[a] schedule may be modified only for good cause . . . ."  Fed. R. Civ. P. 16(b)(4).  <u>See also</u> M.D.N.C. R. 26.1(d) (stating that motions seeking extension of discovery period "must set forth good cause justifying the additional time and will be granted or approved only upon a showing that the parties have diligently pursued discovery")[7]; Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment, Discussion, Subdivision (b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").  The "good cause" standard for securing an amendment of the time-limits in a scheduling order does not require a litigant to go so far as to show "manifest injustice" or "substantial hardship."  <u>See</u> Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment, Discussion, Subdivision (b).  Instead, "the touchstone of 'good cause' under Rule 16(b) is diligence."  <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 255 (S.D.W. Va. 1995).

In the April 2, 2010 Order, the undersigned Magistrate Judge found that, although the case was close, good cause existed for a

_____

[7] Defendants intimate that, under the Court's Local Rules, Plaintiffs must show "exceptional good cause," because they seek "additional depositions." (Docket Entry 109 at 7 n.1.)  The Local Rule cited by Defendants clearly differentiates between requests for "extension of the discovery period" and "for more discovery."  M.D.N.C. R. 26.1(d).  Consistent with Federal Rule of Civil Procedure 16 and the relevant commentary thereto, said Local Rule requires "good cause" for extensions of the discovery period; the requirement of "exceptional good cause" applies only to requests for "additional" depositions in the sense of a greater number than allowed by prior order, not in the sense of depositions outside the previously-set time for discovery.

limited extension of discovery deadlines. In their instant motion for reconsideration, Defendants make three discrete arguments against that determination:

1) Defendants will suffer unfair prejudice because they continued to labor under the deadlines in the Joint Stipulated Scheduling Order during the four-month period between the filing of Plaintiffs' request for modification of the Joint Stipulated Scheduling Order and the entry of the April 2, 2010 Order (Docket Entry 108 at 2);

2) Plaintiffs never made any efforts to complete fact discovery and this lack of diligence precludes a finding of good cause (id.); and

3) the April 2, 2010 Order inferred facts that are clearly erroneous (id.).

As to the first of these contentions, the only concrete prejudice Defendants identify is that expert reports will have to be re-done. (Docket Entry 109 at 3-5.)[8] The undersigned Magistrate Judge regrets that the parties may have to expend additional resources updating expert reports to account for any new information produced during the re-opened fact discovery period; however, this unfortunate side-effect of the April 2, 2010 Order constitutes an insufficient reason to alter the determination that additional discovery is appropriate. The Court, including the

---

[8] Page references as to this document come from the CM/ECF footer, not Defendants' pagination (which, again, differs due to its use of an unnumbered cover page).

undersigned Magistrate Judge, has many cases.  Given that fact, the
rule cannot be that a party otherwise entitled to a modification of
a scheduling order loses that right because the Court is unable to
immediately address the party's request for such modification,
particularly where, as here, the delay in question is relatively
brief.  Defendants have not cited any authority that would support
their contrary position in this regard.[9]

---

[9] The only case Defendants cite in the portion of their primary brief
devoted to the "unfair prejudice" issue is <u>Reliance Ins. Co. v. Louisiana Land
Exploration Co.</u>, 110 F.3d 253, 257-58 (5th Cir. 1997).  (Docket Entry 109 at 5.)
Said case sheds no light on this one.  In that case, "Reliance filed its expert
report on time, and [their expert] gave his deposition during the 30 days between
the deadline for [defendants'] expert reports." <u>Reliance Ins.</u>, 110 F.3d at 256.
The deposition did not go well for Reliance.  <u>See id.</u> at 256-57.  "Based on the
report and the deposition, [defendants] decided that [they] did not need to
counter [Reliance's expert's] testimony with an engineering expert of [their]
own.  Ten days after the defendants' deadline for submitting expert reports had
passed, Reliance sought the court's permission to supplement [its expert's]
report." <u>Id.</u> at 257.  The defendants "vigorously opposed Reliance's motion to
supplement the report.  They pointed out that the discovery cut-off date was only
three weeks away and that the supplement might cause them to need an engineering
expert of their own.  With pretrial conference only two months away, delays were
likely." <u>Id.</u>  The court affirmed the denial of Reliance's request because
"Reliance asked for an opportunity to avoid the deadline for its expert report
merely because the deposition of its expert witness did not go well . . . [and]
would prejudice the defendants, who would then have to get an expert to address
these last-minute conclusions, and thus disrupt the trial date in this case."
<u>Id.</u> at 257-58.  To call the circumstances of that case "distinguishable" from the
situation here would qualify as an understatement.  The Court finds Defendants'
citation of <u>Reliance Ins.</u> as support for Defendants' prejudice argument without
more explanation and without any acknowledgment of the foregoing distinguishing
features troubling.  In its reply brief, Defendants also cite decisions from the
Eighth Circuit and from district courts in Ohio, Tennessee, and Michigan, for the
purpose of parrying Plaintiffs' argument that any burden from the extension of
discovery deadlines falls equally on both parties.  (Docket Entry 122 at 3 (per
CM/ECF footer pagination)).  The Court does not rely on that argument by
Plaintiffs and thus no reason exists to analyze these cited cases.  The Court
does note, however, that a review of each of said cases reinforces the analysis
in the April 2, 2010 Order of cases from district courts within the Fourth
Circuit.  (Docket Entry 107 at 10-11.)  Specifically, in each of the cases cited
by Defendants, the lack of diligence by the party seeking relief from deadlines
was patent.  <u>See</u> <u>Bradford v. Dana Corp.</u>, 249 F.3d 807, 809 (8th Cir. 2001)
(continued...)

Further, to the extent Defendants complain that Plaintiffs now can correct what Defendants perceive as deficiencies in Plaintiffs' expert reports, the undersigned Magistrate Judge similarly finds that complaint insufficient to overcome the finding that further discovery is needed, including to promote the goals underlying the scheduling order requirement and the "good cause" standard for modifications.  See Forstmann v. Culp, 114 F.R.D. 83, 84-85 (M.D.N.C. 1987) ("The drafters of the Rules intended this order . . . to improve the quality of justice rendered in the federal courts by sharpening the preparation and presentation of cases, tending to eliminate trial surprise . . . .").

Moreover, Defendants' suggestion that the undersigned Magistrate Judge should not have issued the April 2, 2010 Order "without hearing from the parties [or] without seeking updated information" (Docket Entry 109 at 3) is rejected.  If Defendants desired a hearing prior to entry of an order, they should have

---

[9](...continued)
(finding that plaintiff "never conducted any discovery," failed to pay her attorney as agreed, and failed to make reasonable efforts to secure new counsel); Altair Eng'g, Inc. v. LEDdynamics, Inc., No. 07CV13150, 2009 U.S. Dist. LEXIS 23363, at *17 (E.D. Mich. Mar. 24, 2009) (unpublished) (rejecting plaintiff's proposal to amend infringement contentions right before trial after "discovery and expert discovery ha[d] closed and dispositive motions ha[d] been filed" where plaintiff's "sole reason for the extension sought [of time to amend claims] is that the Court rejected its claim construction analysis"); EEOC v. Autozone, Inc., 248 F.R.D. 542, 543-44 (W.D. Tenn. 2008) (denying defendant's request to allow identification of expert witness three years after deadline passed and six months after defendant failed to ask for such relief during status conference at which court relaxed other discovery deadlines); Morgan v. Del Global Technologies Corp., No. 3:05CV123, 2007 U.S. Dist. LEXIS 43716, at *5 (W.D. Ohio June 7, 2007) (unpublished) (refusing to extend discovery deadlines where, over the course of three years and notwithstanding prior extension of deadlines, plaintiff "never conducted any discovery in this action and has yet to provide his Rule 26(a)(1) disclosures").

filed a motion to that effect. If Defendants felt that the Court should have additional information prior to ruling, Defendants had the obligation to seek leave to provide such supplemental information. Defendants have shown no hesitancy to file motions seeking all manner of relief; the Court sees no reason why, in this one area, the Court has the burden of initiating contact.[10]

As to Defendants' second argument, their attack on the good cause and interwoven diligence issues, it should be noted that, when they had the opportunity to address this matter after Plaintiffs sought modification of the Joint Stipulated Scheduling Order, Defendants demurred. As detailed in the Background Section above, Defendants studiously avoided any discussion of good cause in their filing at that time. Then, not now, was the time for all of Defendants' belated assertions about the alleged total lack of effort by Plaintiffs to pursue discovery and "bare-bones" nature of Plaintiffs' showing (id. at 2, 5).[11]

_____

[10] To the extent Defendants contend that the windows between the various new deadlines are too short (Docket Entry 109 at 5), they should consult with their opponents in an effort to find a mutually-agreeable modification of those dates and seek that relief from the Court. This contention thus does not provide any basis to re-institute the old deadlines. The new deadlines were set in a relatively tight sequence in an effort to accommodate Defendants' request that the trial date remain as scheduled; given that said date has been set for November 15, 2010 (removing the possibility that trial might begin at the start of the October 2010 Master calendar), room likely exists to relax the discovery deadlines slightly. Similarly, the Court finds that if, as defendants complain, the discovery propounded by Plaintiffs after the April 2, 2010 Order is unduly broad (Docket Entry 122 at 5-7), they may attempt to resolve that issue with their opponent (and, failing that, the Court). These complaints do not establish grounds for reconsideration.

[11] As documented above in the Background Section, "Defendants' Response Conditionally Opposing Plaintiffs' Motion to Amend Scheduling Order" (Docket
(continued...)

Defendants attempt to avoid the implications of their failure to challenge Plaintiffs' showing of good cause at the proper time by asserting that they "did not concede that Plaintiffs' Amended Motion [seeking modification of the Joint Stipulated Scheduling Order] showed good cause to extend discovery." (Id. at 9.) The Court disagrees in light of the Local Rules directing that:

1) "[t]he respondent, if opposing a motion, shall file a response, including brief," M.D.N.C. R. 7.3(f) (emphasis added);[12]

2) "[a]ll briefs filed with the court shall contain . . . argument, which shall refer to all statutes, rules and authorities relied upon," M.D.N.C. R. 7.2(a) (emphasis added);[13]

3) "[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice," M.D.N.C. R. 7.3(k) (emphasis added);

4) "[a] response unaccompanied by a required brief may, in the discretion of the court, be disregarded and the pending motion may

---

[11](...continued)
Entry 77) never alleged, much less showed, that Plaintiffs failed to act diligently in securing discovery for themselves. In the light most favorable to Defendants, the most they alleged (in conclusory fashion) was that Plaintiffs delayed Defendants' efforts to obtain documents from Plaintiffs. Read in context, it is clear that all Defendants wanted to discuss in said filing was the claim construction issue and, to a much lesser extent, the trial date. Neither of these matters had any bearing on the good cause determination.

[12] "Response" is defined as "something said or done in answer; reply or reaction." Webster's New World Dictionary 1211 (2d College ed. 1980).

[13] "Argument" is defined as "[a]n effort to establish belief by a course of reasoning." Black's Law Dictionary 107 (6th ed. 1990).

-16-

be considered and decided as an <u>uncontested</u> motion," <u>id.</u> (emphasis added).

When Plaintiffs filed their request for modification of the scheduling order, Defendants did not say anything in reply or reaction to Plaintiffs' argument that good cause existed for an extension of the discovery period. As a result, Defendants effectively filed no "response" on this issue and, under Local Rule 7.3(k), conceded the matter. Similarly, in their memorandum "conditionally oppos[ing] Plaintiff's . . . Motion to Amend Scheduling Order" (Docket Entry 77 at 2), Defendants failed to make any effort to establish a belief that "good case" did not exist by a course of reasoning. Accordingly, they did not include any "argument" on this issue in their "brief" as required by Local Rule 7.2(a). Defendants' failure to file a "brief" on this issue (in the manner required by Local Rule 7.3(f)) constitutes a concession within the terms of Local Rule 7.3(k).

This Court, per United States Magistrate Judge P. Trevor Sharp, has applied an analogous analysis based on these Local Rules. <u>See</u> <u>Wainright v. Carolina Motor Club, Inc.</u>, No. 1:03CV01185, 2005 WL 1168463, at *13 (M.D.N.C. Apr. 27, 2005) (unpublished) ("At the outset, the Court notes that Plaintiff failed to make any argument in her brief regarding her failure to promote claim. In the face of [Defendant's] arguments and supporting evidence in its brief in support of summary judgment, Plaintiff's failure to argue this claim is tantamount to abandonment of the claim. *See* Local Rule 7.3(k).").

-17-

Other courts have construed similar local rules in a like manner: "Pursuant to this Court's local rules, a memorandum of opposing points and authorities shall be filed in opposition to a motion and, if such a memorandum is not filed, the court may treat the motion as conceded. Courts have interpreted this local rule to apply to specific arguments within a memorandum opposing a motion." U.S. Real Property Identified as: Parcel 03179-005R, 287 F. Supp. 2d 45, 61 (D.D.C. 2003) (ruling that, where claimants failed to develop response on innocent owner issue in its brief, "Court will treat this argument as conceded") (internal citations and quotation marks omitted). Accord United States v. Roberts, No. 3:08CR175, 2010 WL 234719, at *19 (E.D. Tenn. Jan. 14, 2010) (unpublished) ("The Court initially addresses the defendant's contention that the government has essentially conceded this issue by failing to address it in its response. Our local rules provide in pertinent part that the 'failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.' The government did file a five-page response . . . ., but it did not address the third of the defendant's four contentions. . . . [T]he government did not respond even in the wake of having the possible oversight brought to its attention [in defendant's reply]. The Court knows of no way to interpret this course of conduct other than a waiver of the issue." (internal brackets and citations omitted)).

Moreover, in a variety of different contexts, a large number of courts (including this Court, per United States District Judge Frank W. Bullock, Jr.) have recognized the general principle that

-18-

a party who fails to address an issue has conceded the issue. <u>See</u>, e.g., <u>Kissi v. Panzer</u>, 664 F. Supp. 2d 120, 123 (D.D.C. 2009) ("Because the plaintiff's opposition fails to address the defendants' arguments, the Court may treat the defendants' motion as conceded."); <u>American Registry of Radiologic Technologists v. Bennett</u>, 655 F. Supp. 2d 944, 946 n.2 (D. Minn. 2009) ("It is well established that a party concedes an issue by failing to address it in an opposing brief."); <u>Hostway Corp. v. JPMorgan Chase Bank, N.A.</u>, No. 09CV151, 2009 WL 2601359, at *6 (N.D. Ill. Aug. 24, 2009) (unpublished) ("By failing to address JPMorgan's republication argument in its response brief, Hostway has at least tacitly conceded the point."); <u>Fletcher v. Chicago Rail Link, LLC</u>, No. 06C842, 2007 WL 4557816, at *3 (N.D. Ill. Dec. 20, 2007) (unpublished) ("Fletcher failed to address this argument in his response and thus has effectively conceded the point."); <u>Ziino v. Baker</u>, No. 5:07CV217Oc10GRJ, 2007 WL 2433902, at *2 (M.D. Fla. Aug. 22, 2007) (unpublished) ("Indeed, the Plaintiff tacitly conceded the validity of the Defendant's argument . . . by failing to address this issue in response to the motion to dismiss."); <u>Rangel v. Reynolds</u>, No. 4:07CV20AS, 2007 WL 1189356, at *2 (N.D. Ind. Apr. 18, 2007) (unpublished) ("This Court notes that, in their response, the plaintiffs concede that the first two prongs of Younger [abstention doctrine] are met by failing to address them."); <u>Topliff v. Wal-Mart Stores East LP</u>, No. 6:04CV297 (GHL), 2007 WL 911891, at *7 (N.D.N.Y. Mar. 22, 2007) (unpublished) ("Failure to oppose one of the legal arguments advanced by a movant on a motion

-19-

to exclude expert testimony shall be deemed 'consent' to exclusion based on that legal argument."); Pennsylvania v. United States, No. CIV A05-1345, 2006 WL 2708177, at *1 n.2 (W.D. Pa. Sept. 19, 2006) (unpublished) ("Pennsylvania has failed to address this argument in its responsive brief and therefore appears to be conceding that the Court's jurisdiction here cannot be premised on either the Little Tucker Act or the Mandamus Act."); Brand v. North Carolina Dep't of Crime Control and Pub. Safety, 352 F. Supp. 2d 606, 618 (M.D.N.C. 2004) (Bullock, J.) ("In Plaintiff's brief in response to Defendants' motion for summary judgment, Plaintiff does not address . . . his hostile work environment claim. By failing to respond, Plaintiff concedes that he has not stated a hostile work environment claim."); Hamilton v. Cunningham, 880 F. Supp. 1407, 1412 (D. Colo. 1995) ("Cunningham apparently concedes Plaintiffs' limitations analyses . . . ., having failed to address either in his brief."); In re Paoli R.R. Yard PCB Litig., No. 86-2229, et al., 1992 WL 323589, at *2 (E.D. Pa. Oct. 21, 1992) (unpublished) ("Plaintiffs' response to this motion completely fails to address Defendants' position with respect to [this issue] and is therefore deemed to admit and concede its correctness.").

Given the fact that Defendants conceded the "good cause" issue by failing to respond to it at the appropriate time, Defendants' third argument in support of its reconsideration motion also lacks merit. Specifically, given Defendants' concession that good cause existed (and, through that concession, that Plaintiffs had acted sufficiently diligently to qualify for the requested modification),

-20-

Defendants' contentions that the undersigned Magistrate Judge made clear errors of fact in finding good cause (and, subsidiarily, sufficient diligence by Plaintiffs) are irrelevant. Further, even if considered, Defendants' allegations in this regard lack merit.

Defendants first object that the undersigned Magistrate Judge "infer[red] good cause from Plaintiffs' conclusory and vague statements that thousands of documents have been produced in this case, and that depositions were needed. Nowhere did Plaintiffs state, however, that they were unable to complete discovery in light of a production that was too large to review, or that they were unable to complete depositions prior to the close of fact discovery." (Docket Entry 109 at 6.) The Court finds now, as it did on April 2, 2010, that, although Plaintiffs could have made their case in this regard more clearly, one reasonably may infer from Plaintiffs' representations that they acted sufficiently diligently by participating in the exchange of a large volume of documents and that the large scale of the documentary material contributed to their failure to complete fact discovery. The Court did not clearly err in this regard.

Next, Defendants focus on the fact that Plaintiffs did not (and allegedly could not) assert that Defendants hampered Plaintiffs' efforts to conduct discovery. Given that the April 2, 2010 Order did not rely on any inference that Defendants caused any delay in discovery (see Docket Entry 107 at 9 (noting inability to affix blame for any delays to either side)), this straw-man argument fails to aid Defendants' cause.

-21-

According to Defendants, "[t]he April 2 Order also incorrectly states that the parties had 'self-selected' a three month fact discovery period. This is incorrect . . . . Fact discovery opened on April 22, 2009, at a Status Conference with the Court (*see* April 22, 2009 Minute Entry), and did not conclude until December 3, 2009, a span of over seven months." (Docket Entry 109 at 6.) Defendants' argument in this regard relies on a distortion of the language of the April 2, 2010 Order wherein the Court used the word "self-selected." Specifically, the Court stated: "the parties' self-selected three-month window <u>for completion</u> of fact discovery was unduly optimistic, particularly given the volume of documents to be exchanged and their simultaneous involvement in elaborate briefing and evidence marshaling on the claim construction issue." (Docket Entry 107 at 10.) The Court thus did not state that "the parties had 'self-selected' a three month fact discovery period."

For reasons hopefully made clear in the Background Section above, upon reviewing the record in this case in preparing the April 2, 2010 Order, the undersigned Magistrate Judge was uncertain about what, if anything, happened (and/or was authorized to happen) between April 22, 2009, and entry of the Joint Stipulated Scheduling Order on September 1, 2009. What was clear, however, was that, as of shortly before September 1, 2009, via their submission of the Joint Stipulated Scheduling Order, the parties "self-selected [a] three-month window [i.e., between September 1, 2009, and December 3, 2009] for completion of fact discovery." Accordingly, the April 2, 2010 Order said precisely that. The

undersigned Magistrate Judge stands by the foregoing description of the circumstances, as well as the conclusions that: 1) trying to complete fact discovery during that three-month period with all of the other commitments the parties bound themselves to (including, in particular, briefing of the claim construction issue) was unduly optimistic; and 2) Plaintiffs' failure to complete fact discovery under such circumstances did not establish a lack of diligence. The Court did not clearly err in this regard.[14]

Finally, Defendants insist that the Court erred by taking note of the competing demands under which the parties labored in the fall of 2009 in finding good cause for an extension of the discovery period beyond December 3, 2009. (Docket Entry 109 at 8.) Notably, Defendants acknowledge elsewhere in their brief, however, that "[t]he parties did spend considerable efforts on the claim construction briefing," (id. at 3). Moreover, Defendants have failed to cite any authority for the proposition that a court may not take notice of its own records in assessing whether reasons existed why discovery was not completed during the allotted time. Nor would any authority short of that from the Fourth Circuit or

---

[14] Defendants' lengthy discussion of what Plaintiffs proposed as to the discovery schedule at times prior to December 3, 2009 (Docket Entry 109 at 6-7), sheds little, if any, light on the question of whether good cause existed to extend the fact discovery period on December 3, 2009. Defendants have not shown that Plaintiffs acted in bad faith in this regard and the Court finds no grounds for reconsidering the April 2, 2010 Order. Moreover, if Plaintiff's prior positions had relevance, Defendants should have presented that argument as a reason for the Court to find an absence of good cause when Plaintiffs moved to modify the scheduling order. They did not.

-23-

the United States Supreme Court persuade the undersigned Magistrate Judge that such judicial action constitutes clear error.[15]

### III. CONCLUSION

Defendants have not shown that the Court should reconsider the April 2, 2010 Order. Moreover, the absence of any substantial showing by Defendants in this regard convinces the Court that a stay of said order is unwarranted.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration of the Court's April 2, 2010 Order Amending the Schedule (Docket Entry 108) and Defendants' Motion to Stay the Discovery Deadlines Set Forth in Magistrate Judge Auld's April 2, 2010 Order (Docket Entry 111) are both **DENIED.**


                                    /s/ L. Patrick Auld
                                  **L. Patrick Auld**
                          **United States Magistrate Judge**
April 23, 2010

---

[15] Defendants seek to make much of a footnote in the April 2, 2010 Order that, in the course of giving many reasons to conclude that the claim construction briefing constituted a substantial undertaking, referenced Defendants' need to secure a brief extension of time to file one of their claim construction briefs. (Docket Entry 109 at 8-9.) Specifically, Defendants contend that a computer problem caused the one-day delay. Defendants have missed the forest in focusing on a very small tree. The relevant point is that, even with substantial personnel resources, preparation of the claim construction brief (including marshaling the substantial evidentiary material filed as exhibits therewith) was substantially demanding enough that Defendants had to come right down to the wire to get it done. That analysis remains, at a minimum, free from clear error so egregious as to undermine the good cause determination.

-24-