# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KINETIC CONCEPTS, INC.,                    )
KCI LICENSING, INC., KCI USA, INC.,        )
KCI MEDICAL RESOURCES,                     )
MEDICAL HOLDINGS LIMITED,                  )
KCI MANUFACTURING and                      )
WAKE FOREST UNIVERSITY                     )
HEALTH SCIENCES                            )
                                           )
                        Plaintiffs,        )
                                           )
            v.                             )          No. 1:08-CV-00918-WO-LPA
                                           )
CONVATEC INC.,                             )
BOEHRINGER WOUND                           )
SYSTEMS, LLC, and BOEHRINGER               )
TECHNOLOGIES, LP                           )
                                           )
                        Defendants.        )
                                           )

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER CONCERNING TOPIC 1 OF PLAINTIFFS' FRCP 30(B)(6) NOTICES OF DEPOSITION

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ........................................................................................... 1

II.  BACKGROUND ............................................................................................ 2

III. DEFENDANTS HAVE ALREADY PROVIDED THEIR CONTENTIONS ......... 3

IV.  ARGUMENT ................................................................................................. 4

V.   CONCLUSION ............................................................................................... 8

i

**NOW COME** Defendants ConvaTec Inc., Boehringer Wound Systems, and Boehringer Technologies, LP (collectively, "Defendants") and file this Memorandum in support of their *Motion For Protective Order Concerning Topic 1 Of Plaintiffs' FRCP 30(b)(6) Notices of Deposition*. Plaintiffs have noticed FRCP 30(b)(6) depositions for each of the Defendants on seventeen topics. Under the current schedule, Defendants have designated witnesses to testify on all topics except Topic 1 beginning on April 29, 2010. Defendants requested on April 21 that Plaintiffs withdraw Topic 1 as unreasonable and duplicative because it covers all of Defendants' invalidity, non-infringement, and unenforceability contentions in this case, which are already spelled out in Defendants' contention interrogatory responses and detailed expert reports. (Letter from N. Dahiya to L. Macon, Ex. 1). Plaintiffs have not responded to that request. Thus, pursuant to Fed. R. Civ. P. 26(c), Defendants respectfully request that the Court issue a Protective Order precluding Plaintiffs from taking the FRCP 30(b)(6) deposition of Defendants on Topic 1, which seeks testimony on the "basis for [Defendants'] asserted counterclaims and defenses." [1]

## I.     INTRODUCTION

In a highly complex and technical patent case like this, the parties' contentions of

---

[1] Plaintiffs' Notice Of the Oral And Videotaped Deposition Of Defendant ConvaTec Inc. at 4 (Ex. 2); Plaintiffs' Notice Of the Oral And Videotaped Deposition Of Defendant Boehringer Wound Systems, LLC at 4 (Ex. 3); Plaintiffs' Notice Of the Oral And Videotaped Deposition Of Defendant Boehringer Technologies, LP at 4 (Ex. 4).

1

invalidity, non-infringement, and claim scope are legal issues that are difficult for any fact witness to accurately and completely set forth. For this reason, this Court and others have recognized that contention discovery is more appropriately obtained through contention interrogatories and other such discovery mechanisms, not through deposition testimony. Indeed, Defendants have already provided Plaintiffs with 31 pages of responses to their contention interrogatories, as well as Defendants' non-infringement and invalidity expert reports.[2]

Thus, Defendants respectfully request that the Court grant its Motion for a Protective Order precluding Plaintiffs from taking Defendants' FRPC 30(b)(6) deposition on Topic 1. Under the current schedule, the depositions of Defendants' corporate witnesses on Topics 2-17 are scheduled to proceed, beginning on April 29.

## II.    BACKGROUND

On April 9, 2010, Plaintiffs served Notices of FRPC 30(b)(6) depositions on Defendants. (Exs. 2 - 4.) Defendants served their respective objections to these Notices on April 14, 19, and 23, 2010. (Exs. 5 - 9.) On April 21, 2010, Defendants contacted Plaintiffs to inform them of Defendants' objections to providing an FRCP 30(b)(6) witness for Topic 1 and asked that they withdraw Topic 1 from their FRCP 30(b)(6) notice. (Ex. 1.) Defendants also informed Plaintiffs that, in the event Plaintiffs refused

---

[2]    At the Court's request, Defendants can provide copies of Defendants' responses to Plaintiffs' interrogatories and copies of Defendants' expert reports, under seal.

2

to withdraw Topic 1, Defendants would move for a Protective Order, and requested an expedited meet and confer so that the parties could confer on that motion. Plaintiffs have not responded to Defendants to date.

The first FRCP 30(b)(6) deposition is currently scheduled for April 29. As previously directed by the Court in its April 15, 2010 Order, because of the immediately pending depositions this week, Defendants are hereby filing the instant motion for protective order prior to being able to actually confer with Plaintiffs. (Dkt. No. 118 at 3, n. 1.)

## III.    DEFENDANTS HAVE ALREADY PROVIDED THEIR CONTENTIONS

Plaintiffs allege that Defendants have infringed 75 claims from four patents by making and selling the Engenex® wound care system. In turn, Defendants contend that each of Plaintiffs' asserted claims are invalid under 35 U.S.C. §§ 102 and 103 because multiple prior art references anticipate and render obvious each claim. Defendants further assert that many claims are invalid under 35 U.S.C. § 112 because those claims are indefinite, not enabled, and/or lack written description.[3] In addition, Defendants contend that they do not infringe, either directly or indirectly, the asserted claims.

On June 29, 2009, Defendants served their responses to Plaintiffs' Interrogatories

---

[3]    More recently, Defendants have filed a Motion for Leave to File Their Amended Answer to assert that the patents-in-suit are also unenforceable pursuant to the doctrine of inequitable conduct. (Dkt. No. 62.) In its April 8, 2010 Order, the Court held that "Defendants have set out substantial factual allegations that show materiality" and likewise sufficiently pled intent. (Dkt. No. 112 at 19, 22.)

and supplemented their response on December 3, 2009. These responses provide in detail the bases for Defendants' various invalidity and non-infringement contentions. In addition, Defendants' proposed Amended Answer (Dkt. No. 117-1) provides great detail for Defendants' counterclaim and defense that Plaintiffs committed inequitable conduct when procuring the patents-in-suit. Defendants also served 104 pages of expert reports on March 1 and 29, 2010, setting forth Defendants' contentions on invalidity and non-infringement, respectively. There is no reason that Plaintiffs need a corporate witness to restate these contentions, and Plaintiffs have not identified any reason.

## IV.   ARGUMENT

Fed. R. Civ. P. 26(c) protects litigants, upon a showing of good cause, from having to provide discovery that would cause "undue burden or expense." The Court has the authority to "prescribe[e] a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(C). The movant bears the burden of showing good cause by specific demonstrations of fact and the harm which will be suffered without one. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991).

Good cause exists here because this case involves highly complex and technical issues. A single fact witness will be hard-pressed to master the intricacies of patent law sufficiently well to set forth all of Defendants' invalidity, non-infringement and inequitable conduct contentions in a deposition. It will further be extremely and

4

unnecessarily burdensome to prepare a witness on every item of evidence and every legal argument set forth in Defendants' interrogatory responses and expert reports. Specifically, Topic 1 seeks testimony on the bases for Defendants asserted counterclaims and defenses concerning non-infringement, invalidity, and unenforceability. Legal issues such as these can be too complex and difficult for one deponent to fully articulate. *United States v. Taylor*, 166 F.R.D. 356, 363, n. 7 (M.D.N.C. 1996); *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286 (N.D. Cal. 1991), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991) ("we are concerned that in a [complex patent] case like this, no one human being can be expected to set forth, especially orally in deposition, a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken by a party"). Thus, it would be unduly and unnecessarily burdensome for a corporate witness to attempt to identify and articulate all the bases of Defendants' contentions.

Further, the legal issues that are necessarily intertwined with Defendants' contentions also make it unduly burdensome to have a corporate witness testify to those contentions. *Exxon Research & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 602 (Fed. Cl. 1999) ("construing patent claims [] may be too complex for a deponent, who is not an attorney, to answer questions competently"). As the Court in *McCormick-Morgan* explained:

> determining what the bases for contentions are in this environment involves complex judgments about the relationship between at least three kinds of

5

things: (1) evidence/facts/events in the real world (outside litigation), (2) "claims" as particularly set forth in the patent in issue and in other patents or other material presented to the patent office, and (3) principles of intellectual property law set forth in statues and in judicial opinions. <u>A non-lawyer deponent might have great knowledge about the products in issue here, but be ill-equipped to reason reliably about the legal implications of the relationship between those products, or their components, and the various claims of the patent in suit or of other patents or prior art.</u>

134 F.R.D. at 287 (emphasis added).

In addition, after the re-opening of discovery on April 2, Plaintiffs have recently submitted on April 23 two new expert reports on infringement, totaling 131 pages, and which proposed to change the number of asserted claims against Defendants. Thus, it would be very difficult for any witness to adequately prepare for such a moving target.

If such deposition of Topic 1 occurs, the witness's non-responses or inaccurate responses, which may be unavoidable despite good faith efforts to prepare, may be asserted as somehow binding on Defendants and asserted to limit or prohibit evidence or arguments Defendants can later present. For example, on a motion for summary judgment, such non-responses may be used to unfairly argue that Defendants did not have sufficient bases for their contentions.

Further, Plaintiffs have not shown any need for such testimony given that they already have Defendants' contentions via other discovery sources. In a complex patent case like this, inquiries on a parties' claims and defenses are more appropriately and reliably obtained by way of contention interrogatories than through depositions. *BB&T*

6

*Corp. v. United States*, 233 F.R.D. 447, 448 (M.D.N.C. 2006) ("this type of request is usually made by serving contention interrogatories which are favored over contention depositions"); *Taylor*, 166 F.R.D. at 363, n. 7 ("[s]ome inquiries are better answered through contention interrogatories wherein the client can have the assistance of the attorney in answering complicated questions involving legal issues"); *Wilson v. Lakner*, 228 F.R.D. 524, 529, n. 8 (D. Md. 2005) ("the contentions, *i.e.* theories and legal positions, of an organizational party may be more suitably explored by way of interrogatories and the Court may properly order (as the Magistrate Judge did here) that contentions only be inquired into in this fashion"); *Exxon Research*, 44 Fed. Cl. at 598 (Rule 30(b)(6) deposition not appropriate for discovery on claim construction issues, but contention interrogatories may be used).

Defendants have already provided Plaintiffs with responses to contention interrogatories. Plaintiffs have not alleged, nor can they, that any of these responses have been deficient. *BB&T Corp.*, 233 F.R.D. at 450 ("until a party has first shown that the interrogatory process cannot be used, it may not seek to use depositions for contention discovery").

Furthermore, Defendants have also provided expert reports on invalidity, non-infringement, and inequitable conduct. These expert reports, totaling 104 pages, all discuss the bases for Defendants' contentions and provide detailed analysis for each. *Id.* (expert reports may render moot any further contention discovery).

7

## V. CONCLUSION

Thus, Plaintiffs do not need the depositions of Defendants on Topic 1 because Defendants have adequately and timely provided the same information through contention interrogatories and expert reports. Accordingly, Defendants respectfully request that the Court grant its motion and issue a Protective Order precluding Plaintiffs from taking the FRPC 30(b)(6) deposition of Defendants on Topic 1.

8

Dated this the 26th day of April, 2010.


Respectfully submitted,

| /s/ Thomas H. Beck (tbeck@sidley.com)<br>Todd L. Krause (tkrause@sidley.com)<br>Neal K. Dahiya (ndahiya@sidley.com)<br>Sidley Austin LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>T: (212) 839-5300  F: (212) 839-5599<br><br>/s/ Sarah H. Roane<br>(sarah.roane@ogletreedeakins.com)<br>N.C. State Bar No. 24114<br>Ogletree, Deakins, Nash, Smoak<br>& Stewart, P.C.<br>2725 Horse Pen Creek Road, Suite 101<br>Greensboro, North Carolina  27410-8392<br>T:  (336) 375-9737  F:  (336) 375-4430<br><br>COUNSEL FOR DEFENDANT<br>CONVATEC INC. | /s/ Douglas A. Robinson<br>(drobinson@hdp.com)<br>Rudolph A. Telscher, Jr. (rtelscher@hdp.com)<br>Harness, Dickey & Pierce, PLC<br>7700 Bonhomme, Suite 400<br>Clayton, MO  63105<br>T:  (314) 726-7500  F:  (314) 726-7501<br><br>/s/ Sarah H. Roane<br>(sarah.roane@ogletreedeakins.com)<br>N.C. State Bar No. 24114<br>Ogletree, Deakins, Nash, Smoak<br>& Stewart, P.C.<br>2725 Horse Pen Creek Road, Suite 101<br>Greensboro, North Carolina  27410-8392<br>T:  (336) 375-9737  F:  (336) 375-4430<br><br>COUNSEL FOR DEFENDANTS<br>BOEHRINGER WOUND SYSTEMS, LLC<br>AND BOEHRINGER TECHNOLOGIES, LP |

9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KINETIC CONCEPTS, INC.,  )
KCI LICENSING, INC., KCI USA, INC.,  )
KCI MEDICAL RESOURCES,  )
MEDICAL HOLDINGS LIMITED,  )
KCI MANUFACTURING and  )
WAKE FOREST UNIVERSITY  )
HEALTH SCIENCES  )
 )
               Plaintiffs,  )
 )
          v.  )        No. 1:08-CV-00918-WO-LPA
 )
CONVATEC INC.,  )
BOEHRINGER WOUND  )
SYSTEMS, LLC, and BOEHRINGER  )
TECHNOLOGIES, LP  )
 )
               Defendants.  )
 )

## CERTIFICATE OF SERVICE

I, Sarah H. Roane, hereby certify that on April 26, 2010, I electronically filed a copy of the foregoing **Defendants' Memorandum In Support Of Their Motion For Protective Order Concerning Topic 1 Of Plaintiffs' FRCP 30(b)(6) Notices of Deposition** with the Clerk of Court using the CM/ECF system, which will give electronic notice of the same to the following CM/ECF participants:  William K. Davis, Esq., at wdavis@belldavispitt.com; R. Laurence Macon, Esq., at lmacon@akingump.com; Melanie G. Cowart, Esq., at mcowart@akingump.com; and Karen Kroesche Gulde, Esq., at kgulde@akingump.com.

10

/s/ Sarah H. Roane
N.C. State Bar No. 24114
sarah.roane@ogletreedeakins.com
2725 Horse Pen Creek Road, Suite 101
Greensboro, North Carolina  27410-8392
336.375.9737;   336.375.4430 facsimile

11