IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KINETIC CONCEPTS, INC., KCI )
LICENSING, INC., KCI USA, INC., )
KCI MEDICAL RESOURCES, )
MEDICAL HOLDINGS LIMITED, )
KCI MANUFACTURING and )
WAKE FOREST UNIVERSITY )
HEALTH SCIENCES, )
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　)
　　　　v. ) 1:08CV918
　　　　　　　　　　　　　　　　　　)
CONVATEC INC., )
BOEHRINGER WOUND )
SYSTEMS, LLC, and BOEHRINGER )
TECHNOLOGIES, LP, )
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court pursuant to the "Joint Motion of Plaintiffs and Non-Party Therapy Support for Approval of Stipulated Protective Order." (Docket Entry 136.) The proposed order provides definitions of "Confidential Material" that appear consistent with Federal Rule of Civil Procedure 26(c); however, in empowering Plaintiffs and Non-Party Therapy Support to designate material as "Confidential Material," the proposed order does not limit their discretion to make only designations that they, in good faith, believe are consistent with those definitions and/or Rule 26(c). (See Docket Entry 136-1 at 2-3.) Further, in addition to setting conditions on the circumstances under and manner by which they might use materials they designate as "Confidential Material," the proposed Stipulated Protective Order states as follows:

　　　　8.　In the event that any Confidential Material is
　　　　included with, or the contents thereof are in any

> way disclosed in any pleading, motion, reply, answer or response to any discovery request, deposition transcript or other paper filed with the Clerk of this Court, then such Confidential Material shall be filed with and kept under seal by the Clerk until further order of this Court or agreement of TSI; provided, however, that such paper shall be furnished to the Court and attorneys for the named parties and a duplicate copy thereof, with the Confidential Material deleted therefrom, may be placed in the public record.

(Id. at 4.) The proposal does not address what, if any, justification Plaintiffs and Non-Party Therapy Support would submit to the Court with these sealed filings.

For the reasons stated in Haas v. Golding Transp. Inc., No. 1:09CV1016, 2010 WL 1257990 (M.D.N.C. Mar. 26, 2010) (unpublished), the Court will not enter the proposed Stipulated Protective Order as currently drafted. Instead, the Court will afford Plaintiffs and Non-Party Therapy Support an opportunity: 1) to submit an "Amended Stipulated Protective Order" that adds a good-faith limitation on their authority to make designations and that addresses the matters outlined in Haas regarding prospective sealing orders; or 2) to file a motion for reconsideration and supporting brief setting out argument and/or authority showing that the existing proposal complies with controlling precedent.

If they choose the former option, Plaintiffs and Non-Party Therapy Support: 1) may omit the paragraph regarding sealed court filings all together; or 2) they may revise that aspect of their proposal. To the extent that any such revised version continues to provide prospectively for the filing of documents under seal, Plaintiffs and Non-Party Therapy Support: 1) shall re-caption the

proposal as "Stipulated Protective Order and Prospective Sealing Order"; and 2) shall incorporate into said proposed order a description of the court filings covered by the prospective sealing provision (e.g., discovery-related motions, dispositive motions, etc.), a statement explaining the need for any sealing (including why alternatives would not suffice), and references to applicable case law.[1]

**IT IS THEREFORE ORDERED** that the Joint Motion of Plaintiffs and Non-Party Therapy Support for Approval of Stipulated Protective Order (Docket Entry 136) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs and Non-Party Therapy Support may submit an "Amended Stipulated Protective Order" consistent with the terms of this Memorandum Opinion and Order or, alternatively, may file a motion for reconsideration asking the

---

[1] The Court foresees that, because "[a] party moving to seal documents filed in support of a motion for summary judgment in a civil case bears a heavy burden," Jennings v. University of N.C. at Chapel Hill, 340 F. Supp. 2d 679, 681 (M.D.N.C. 2004), fashioning a prospective sealing provision for filings of that sort will be difficult. However, given the existence of significant authority indicating that "[t]he better rule is that material filed with discovery motions is not subject to the common-law right of access," Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001), it is easier to envision a prospective sealing provision limited to such motions. See also Pintos v. Pacific Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009) ("'[G]ood cause' is also the proper standard when a party seeks access to previously sealed discovery attached to a nondispositive motion."); Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions . . ., but no such right as to discovery motions and their supporting documents."); Anderson v. Cryovac, Inc., 805 F.2d 1, 10 (1st Cir. 1986) ("Although we agree that the public has a right of access to some parts of the judicial process, we conclude that this right does not extend to documents submitted to a court in connection with discovery proceedings."). Cf. In re Policy Mgt. Sys. Corp., 1995 WL 541623, at *4 (stating "that a document becomes a judicial document when a court uses it in determining litigants' substantive rights" (emphasis added)).

Court to enter the "Stipulated Protective Order" as drafted, with a supporting brief that demonstrates the propriety of the original proposal.

/s/ L. Patrick Auld  
**L. Patrick Auld**  
**United States Magistrate Judge**

May 3, 2010