# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KINETIC CONCEPTS, INC.,　　　　　)
KCI LICENSING, INC., KCI USA,　　)
INC., KCI MEDICAL RESOURCES,　　 )
MEDICAL HOLDINGS LIMITED, KCI　　)
MANUFACTURING and WAKE FOREST　　)
UNIVERSITY HEALTH SCIENCES,　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)　　1:08CV00918
　　　　　　　　　　　　　　　　　)
CONVATEC INC.,　　　　　　　　　　)
BOEHRINGER WOUND SYSTEMS, LLC,　 )
and BOEHRINGER TECHNOLOGIES, LP, )
　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　)

## MEMORANDUM OPINION AND ORDER

This matter comes before this Court on the first Motion for Protective Order filed by Defendant ConvaTec Inc. ("ConvaTec") (Docket Entry 79). In said motion, ConvaTec requests that this Court enter a proposed protective order less restrictive than the one proposed by Plaintiffs. (Compare Docket Entry 99 at Ex. A (Plaintiffs' proposal) with Docket Entry 104 at Ex. A (Defendants' proposal).) For the reasons that follow, the Court adopts ConvaTec's proposed protective order with one exception, as to which the parties will have seven days to file supplemental memoranda.

## I. BACKGROUND

This patent infringement action centers around various patents incorporated into a wound care product called the Vacuum Assisted Closure System. (Docket Entry 4 at ¶¶ 15, 17.) Plaintiffs own and/or possess an exclusive license to said patents. (Id. at

¶¶ 17-22.) Boehringer Wound Systems, LLC, and Boehringer Technologies, LP (collectively "Boehringer" and with ConvaTec "Defendants") developed an allegedly infringing wound treatment that ConvaTec is involved in marketing. (Id. at ¶¶ 23, 24 and 26).

On January 7, 2010, ConvaTec filed the instant Motion for Protective Order, in which it requests that this Court enter a proposal agreed to by Defendants regarding the parties' obligations in handling and using confidential information exchanged during discovery. (Docket Entry 79.) Despite the Court's entry of no less than four orders over the course of a month to allow the parties time to resolve their disagreement about the terms of the protective order (Docket Entries 87, 90, 92, and 95), Plaintiffs ultimately responded in opposition to ConvaTec's proposal (Docket Entries 99-100) and ConvaTec filed a reply (Docket Entry 104).[1]

## II. DISCUSSION

ConvaTec and Boehringer have agreed to a proposed protective order which differs from Plaintiffs' proposed protective order with respect to the definition of "'Confidential' and 'Highly Confidential – Outside Attorneys' Eyes Only' Material"; specifically, Plaintiffs object that Defendants' proposal does not restrict enough information to outside counsel alone. (Docket Entry 99 at 2; Docket Entry 101 at 2).

---

[1] Boehringer originally had not stipulated to ConvaTec's proposed protective order (Docket Entry 80 at 1), but subsequently Defendants all agreed to a common proposal (Docket Entry 101 at 2).

A.  Standard for a Protective Order

"The court may, for good cause, issue an order, to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c).  More specifically, a court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G).

"To obtain a protective order under Rule 26(c), the party resisting discovery must establish that the information sought is covered by the rule and that it will be harmed by disclosure."  In re Wilson, 149 F.3d 249, 252 (4th Cir. 1998).  "The party seeking the protective order must make a specific demonstration of facts as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one."  Ikon Office Solutions, Inc. v. Konica Minolta Business Solutions, U.S.A., Inc. No.3:08-CV-539-RLV-DCK, 2009 U.S. Dist. LEXIS 116372, *6-7 (W.D.N.C. Nov. 25, 2009) (unpublished) (citing Gulf Oil v. Bernard, 452 U.S. 89, 102 n.16 (1981), and Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 412 (M.D.N.C. 1991) (Eliason, J.)).  "This requirement furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts."  Brittain, 136 F.R.D. at 412.[2]

_____

[2] If a party demonstrates that Rule 26(c) covers the information and that it will suffer harm from such disclosure, "the party seeking the materials then must establish that the information is sufficiently necessary and relevant to his (continued...)

-3-

Often, rather than seeking protective orders each time the need arises, "parties agree[] to a 'blanket' protective order that permit[s] them to designate documents containing confidential business information." _Longman v. Food Lion, Inc._, 186 F.R.D. 331, 333 (M.D.N.C. 1999). _See also_ _Parkway Gallery Furniture, Inc. v. Kittinger/ Pennsylvania House Group, Inc._, 121 F.R.D. 264, 267-68 (M.D.N.C. 1988) (noting that "[b]lanket or umbrella protective orders are becoming increasingly common as large scale litigation involves more massive document exchanges"). This Court, per now-Chief Judge James A. Beaty, Jr., has found that, in some cases, such as ones "involv[ing] hundreds of documents containing confidential business information that Defendants feared could be used by Defendants' competitors to gain a business advantage," an agreed-upon, blanket protective order "arrangement [i]s essential to the efficient functioning of the discovery process . . . ." _Longman_, 186 F.R.D. at 333.

B. Analysis of ConvaTec's First Motion for Protective Order

Although, the parties have not fully agreed on a protective order, they did agree that any protective order would be two-tiered. (_See_ Docket Entry 99 at Ex. A; Docket Entry 104 at Ex. A.) The protective orders proposed by both sides each provide that the parties may designate discovery material as "Confidential" or "Highly Confidential." (_See_ Docket Entry 99 at Ex. A § 1; Docket Entry 104 at Ex. A § 1.) A party that receives "Confidential"

---

[2](...continued)
case to outweigh the harm of disclosure." _In re Wilson_, 149 F.3d at 252. Because of its disposition of the case, the Court does not reach that stage.

-4-

material may disclose that material to a limited group of in-house counsel, among other individuals, but a party that receives "Highly Confidential" material may not disclose that information to any in-house counsel. (See Docket Entry 99 at Ex. A §§ 4(a) & (b); Docket Entry 104 at Ex. A §§ 4(a) & (b).) Furthermore, according to both proposed protective orders, a party must sign a statement agreeing to comply with the respective protective order prior to receiving any "Confidential" or "Highly Confidential" information. (Docket Entry 99 at Ex. A § 5(a); Docket Entry 104 at Ex. A § 5(a).) The parties, however, dispute the scope of materials they may potentially designate as "Highly Confidential." (See Docket Entry 99 at Ex. A § 1(b); Docket Entry 104 at Ex. A § 1(b).)

Plaintiffs propose that "Highly Confidential" material include a broader class of information and, as a result, request a more restrictive protective order. (See Docket Entry 99 at Ex. A § 1(b).) Defendants' proposed protective order permits designating as "Highly Confidential":

> [A]ny Produced Material that the Producing Party in good faith believes not to be in the public domain and to reveal or reflect highly sensitive financial information, including profit data and cost data. Any Produced Material that a Producing Party is required by agreement or court order to treat as "Highly Confidential – Outside Attorneys' Eyes Only."

(Docket Entry 104 at Ex. A § 1(b).)

Plaintiffs' proposed protective order permits designating as "Highly Confidential":

> [A]ny Produced Material that the Producing Party in good faith believes not to be in the public domain and to reveal or reflect highly sensitive **commercial, technical,**

-5-

**business, or** financial information, including **but not limited to** profit data, cost data, **trade secrets, intellectual property or such other documents, information, or materials that relate to proprietary information that the Producing Party reasonably believes is entitled to extraordinary protection or is of such nature and character that the unauthorized disclosure of such information is likely to harm the competitive or economic position of the Producing Party or provide improper advantage to others**. . [sic] Any Produced Material that a Producing Party is required by agreement or court order to treat as "Highly Confidential – Outside Attorneys' Eyes Only."

(Docket Entry 99 at Ex. A § 1(b) (emphasis added).)

Plaintiffs' proposal, unlike Defendants' proposed protective order, thus defines "Highly Confidential" information more broadly to include not just highly sensitive financial information, but also private commercial, technical, and business information, including but not limited to "trade secrets, intellectual property or . . . proprietary information." (<u>Id.</u>) Plaintiffs bear the burden of establishing that the information they seek to protect falls under Rule 26(c) <u>and</u> that they will suffer harm by disclosure of that information to Defendants' in-house counsel. <u>See</u> <u>Saint Louis Univ. v. Meyer</u>, No. 4:07-CV-1733 (CEJ), 2008 U.S. Dist. LEXIS 29371, at *1-3 (E.D. Mo. Apr. 10, 2008) (unpublished) (ruling that, where both parties submitted protective order, burden of persuasion falls on party seeking more restrictive protective order).

Under Rule 26(c), a court may protect a party from "undue burden or expense," including by limiting access to "confidential research, development, or commercial information." <u>See</u> <u>Vallejo v. Alan Vester Auto Group, Inc.</u>, No. 5:07-CV-343-BO, 2008 U.S. Dist. LEXIS 82667, at *2-4 (W.D.N.C. Oct. 16, 2008) (unpublished). <u>See</u>

-6-

<u>also</u> <u>Brittain</u>, 136 F.R.D. at 415 ("Such commercial information, which encompasses strategies, techniques, goals and plans, can be the lifeblood of a business."). The materials for which Plaintiffs seek protection thus fall within the reach of Rule 26(c).

Plaintiffs, however, provide no specific argument related to the second element in question, harm arising from the challenged disclosure. Plaintiffs apparently believe that disclosure of the broader category of information to Defendants' in-house counsel would harm Plaintiffs. ConvaTec argues that its "in-house counsel are actively and directly engaged in the management and conduct of this litigation and need access to the technical information relevant to this litigation in order to provide adequate advice to ConvaTec's management on the conduct of the case, as well as any potential settlement." (Docket Entry 104 at 3.)

Plaintiffs' apprehension about disclosing certain information to Defendants' in-house counsel does not constitute, by itself, a sufficient reason to limit the conduct of discovery in the manner Plaintiffs propose. See <u>U.S. Steel Corp. v. United States</u>, 730 F.2d 1465, 1469 (Fed. Cir. 1984) ("We hold only that status as in-house counsel cannot alone create that probability of serious risk to confidentiality and cannot therefore serve as the sole basis for denial of access."). Because Plaintiffs offer nothing beyond a generalized opposition to Defendants' in-house counsel's access to this information, Plaintiffs have failed to make a showing sufficient to warrant the more restrictive protective order they propose. See <u>Movie Gallery US, LLC v. Greenshields</u>, No. 2:07-CV-

-7-

1032-MHT (WO), 2008 U.S. Dist. LEXIS 30563, at *5 (M.D. Ala. Apr. 14, 2008) (unpublished) ("[T]he court concludes that the parties should be permitted under the restrictions of an appropriate protective order to disclose 'confidential' and 'highly confidential' information to selected employees. Neither side has made a sufficient showing of harm to overcome the presumption favoring disclosure of relevant information.").

In particular, Plaintiffs have failed to show how disclosure of discovery information to Defendants' in-house counsel would pose a particular risk of harm to Plaintiffs or would create greater risk of inadvertent disclosure. As noted above, Defendants' in-house counsel will be required, pursuant to Defendants' proposed protective order, to sign a statement agreeing to comply with the protective order prior to viewing any "Confidential" information. Furthermore, Defendants' in-house counsel have a professional duty to comply with any protective order. See U.S. Steel Corp., 730 F.2d at 1468 ("Like retained counsel, however, in-house counsel are officers of the court, are bound by the same Code of Professional Responsibility, and are subject to the same sanctions. In-house counsel provide the same services and are subject to the same types of pressures as retained counsel. The problem and importance of avoiding inadvertent disclosure is the same for both.").

Under these circumstances, the Court adopts ConvaTec's proposed language regarding the scope of material subject to treatment as "Highly Confidential – Outside Attorneys' Eyes Only." The Court, however, will not sign the protective order proposed by

ConvaTec at this time because it (like Plaintiffs' proposal) contains a provision that appears to prospectively authorize the parties to file documents with the Court under seal without making any showing. (See Docket Entry 104 at Ex. A § 8; Docket Entry 99 at Ex. A § 8.) For the reasons stated in Haas v. Golding Transp. Inc., No. 1:09CV1016, 2010 WL 1257990 (M.D.N.C. Mar. 26, 2010) (unpublished), the Court does not view that provision, as currently drafted, as consistent with controlling precedent.

Accordingly, the Court will afford the parties seven days to file a supplemental memorandum addressing the prospective sealing provision. Such memorandum should state whether the party:

1) agrees to striking of the prospective sealing provision;

2) contends that the existing prospective sealing provision complies with controlling precedent, in which case the party should set out argument and/or authority supporting its position; or

3) proposes a revised version of the prospective sealing provision, in which case the party should set out the specific revised provision, as well as argument and/or authority supporting its position.[3]

---

[3] If a party chooses the third option, it shall incorporate into said revised provision a description of the court filings covered by the provision (e.g., discovery-related motions, dispositive motions, etc.), a statement explaining the need for sealing (including why alternatives would not suffice), and references to authority. The Court foresees that, because "[a] party moving to seal documents filed in support of a motion for summary judgment in a civil case bears a heavy burden," Jennings v. University of N.C. at Chapel Hill, 340 F. Supp. 2d 679, 681 (M.D.N.C. 2004), fashioning a prospective sealing provision for filings of that sort will be difficult. However, given the existence of significant authority indicating that "[t]he better rule is that material filed with discovery motions is not subject to the common-law right of access," Chicago
(continued...)

## III. CONCLUSION

The Court adopts ConvaTec's proposed protective order (Docket Entry 104 at Ex. A), except as to the prospective sealing provision contained therein. The Court therefore defers any final ruling on ConvaTec's instant Motion for Protective Order (Docket Entry 79), pending the filing of supplemental memoranda by the parties as to the prospective sealing provision.

**IT IS THEREFORE ORDERED** that ConvaTec's proposed protective order language regarding the scope of material subject to treatment as "Highly Confidential – Outside Attorneys' Eyes Only" is **ADOPTED**.

**IT IS FURTHER ORDERED** that a final ruling on ConvaTec's Motion for Protective Order (Docket Entry 79) is **DEFERRED**, pending the parties' filing of supplemental memoranda regarding the prospective sealing provision in the protective orders proposed by all parties. Within seven days of the date of this Memorandum Opinion and Order, the parties shall file such memoranda addressing the prospective sealing provision in the manner prescribed in this Memorandum Opinion and Order.


                                    /s/ L. Patrick Auld
                                 **L. Patrick Auld**
                         **United States Magistrate Judge**

May 13, 2010

_____

[3](...continued)
Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001), it is easier to envision a prospective sealing provision limited to such motions. Accord Pintos v. Pacific Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009); Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993); Anderson v. Cryovac, Inc., 805 F.2d 1, 10 (1st Cir. 1986).